PEOPLE *v.* LAUDERDALE

1. CRIMINAL LAW—EVIDENCE—CONFESSION—SUPPRESSION—MOTIONS.

Taking of evidence beyond that from the preliminary examination before deciding defendant's motion to suppress his confession on the ground that he had not been advised of his rights before interrogation by police *held* not reversible error.

2. CRIMINAL LAW — EVIDENCE — CONFESSION — SUPPRESSION — EVIDENTIARY HEARING.

An evidentiary hearing before trial on questions relating to admissibility of confessions and admissions is designed for the protection of the people, the trial court, and the defendant.

3. CRIMINAL LAW—CONFESSIONS—CORROBORATED EVIDENCE.

Corroborated evidence of warnings to defendant of his privilege against self-incrimination and his right to counsel during an incommunicado interrogation otherwise established that defendant knowingly and intelligently waived the privilege and right.

Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 March 4, 1969, at Grand Rapids. (Docket No. 4,979.) Decided April 23, 1969.

Louis Lauderdale was convicted of unarmed robbery. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 446, 449, 451.
[3] 21 Am Jur 2d, Criminal Law §§ 357, 367, 449.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John T. Hammond,* Prosecuting Attorney, and *Tat Parish,* Assistant Prosecuting Attorney, for the people.

*Roccy M. DeFrancesco,* for defendant.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

QUINN, P. J. October 17, 1967, defendant was convicted by jury verdict of the offense of robbery unarmed, CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798), and he was thereafter sentenced. His appeal raises 3 issues, 2 of which relate to the admission of confessions. The remaining issue relates to an evidentiary hearing prior to trial concerning the confessions.

June 25, 1967, an elderly woman was robbed of her purse after she had been knocked down by some boys. July 8, 1967, defendant was arrested, interrogated and he admitted his part in the offense. During this interrogation, defendant and officer Watson were alone. July 9, 1967, defendant signed a waiver of rights and consent for interview and statement form and a typewritten confession in the presence of other officers. The form and confession were admitted at the preliminary examination over defendant's objection. Officer Watson testified at the preliminary examination, and on direct examination, testified to his name, occupation, acquaintance with defendant, date of his arrest and that he (Watson) saw defendant that day. On cross-examination, Watson testified he advised defendant of his rights before questioning him, and that defendant and Watson were alone during the interrogation. Watson

gave no testimony at the preliminary examination
that defendant had confessed.

At arraignment in circuit court, defendant ac-
knowledged notice of the fact that the people pro-
posed to use the oral and written confessions at
trial and receipt of a summary of the oral con-
fession and copies of the waiver form and typewrit-
ten confession.

Thereafter defendant moved to suppress the oral
confession, the waiver of rights form and the writ-
ten confession on the basis that the standards of
*Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct
1602, 16 L Ed 2d 694, 10 ALR3d 974) had not been
complied with. At the argument on this motion,
defendant requested that it be decided on the basis
of the testimony taken at the preliminary examina-
tion. This request was denied and the trial court
proceeded with an evidentiary hearing. Defendant
claims this was reversible error.

We could agree with defendant if his motion had
been to quash the information because defendant's
identity could not be established from the prelimi-
nary examination transcript absent the confessions,
and they were improperly admitted over his objec-
tion. In this situation, the circuit court would have
to rule on the motion on the basis of the preliminary
examination transcript and without an additional
evidentiary hearing because the circuit court would
be judging the propriety of the action of the magis-
trate in binding defendant over for trial. This nec-
essarily would have to be done on the basis of the
information before the magistrate.

This is not the situation before us. Our situation
is aptly stated in defendant's brief:

"In the case at bar, the evidence of the preliminary
examination transcript failed to show that the re-

quirements of the *Miranda* decision had been satisfied. [There would be no *Miranda* question in the preliminary examination transcript except for defendant's cross-examination of officer Watson.] In an effort to restrict the prosecutor to his mistakes of the preliminary examination and to prevent the prosecutor getting another chance to correct his mistakes the defendant-appellant filed a motion to suppress the confessions for failure to inform the defendant-appellant properly of his rights in a manner prescribed by the United States Supreme Court."

The device of an evidentiary hearing before trial on questions relating to the admissibility of confessions and admissions is designed for the protection of the people and the trial court, as well as the defendant. We not only sustain its use in this instance, we commend the trial court for using it to overcome the admitted sharp practice by defendant.

After an extensive evidentiary hearing, the tria court found that defendant was fully advised of all his rights in detail, that *Miranda* had been complied with and that defendant made the statement voluntarily and freely. These findings are not clearly erroneous and we sustain them. *People* v. *Walker* (1967), 6 Mich App 600.

Finally, defendant contends here, as he did in his motion to suppress, that *Miranda* requires corroborating evidence of warnings given defendant before his statements are admissible. Defendant supports this contention by the following language from *Miranda*:

"If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. (Citing cases.)

This Court has always set high standards of proof for the waiver of constitutional rights, (citing cases), and we reassert these standards as applied to in-custody interrogation. Since the state is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence of warnings given during incommunicado interrogation, the burden is rightly on its shoulders."

Defendant then says this Court has interpreted *Miranda* as he does on the basis of the following language from *People* v. *Limon* (1966), 4 Mich App 440, 446:

"The absence of *corroborated evidence* of warnings given during the incommunicado interrogation in the instant case would, alone, be sufficient for reversal under *Miranda, supra.*"

We do not read the quoted language of *Miranda* as does defendant. To us that language says the state has the burden of establishing that defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel because the state is responsible for the isolated circumstances under which the interrogation took place. The reference to corroborated evidence in this context refers to production of corroborated evidence if it exists, not that the state has failed its burden if there is no corroborated evidence.

We cannot escape the fact that the language quoted from *Limon* is contrary to this holding. However, that quoted statement appears in the *Limon* opinion after the Court had determined that *Miranda* did not apply to *Limon*. It is dictum; it is not binding, and we decline to follow it.

Affirmed.

All concurred.