PEOPLE *v.* WENRICH

1. ARREST—WITHOUT WARRANT—REASONABLE BELIEF.

A police officer may arrest a person when he has reasonable belief that a felony has been committed and reasonable cause to believe that the person arrested has committed it; when the constitutional validity of an arrest is challenged, the court must determine whether the facts available to the officers at the time of the arrest would warrant a man of reasonable caution in the belief that an offense had been committed (MCLA § 764.15).

2. SEARCHES AND SEIZURES—WITHOUT WARRANT—PROBABLE CAUSE.

Seizure of marijuana was proper as incident to a lawful arrest where the police (1) had information that there would be drug traffic at a house on the evening in question, (2) placed the house under surveillance and observed furtive conduct by the defendant while near the house, (3) observed the defendant converse with the occupants of another car who were later reported to be narcotics suppliers, and (4) the driver of the vehicle in which defendant was riding was arrested for possession of a concealed weapon.

3. CRIMINAL LAW—POLICE INFORMER—DISCLOSURE.

The name of a police informer may be withheld in order to protect the informer and insure his continued cooperation where the informer is not also a material witness on the issue of defendant's guilt.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Arrest §§ 22–51.
Lawfulness of nonconsensual search and seizure without warrant prior to arrest. 89 ALR2d 715.
[3] 29 Am Jur 2d, Evidence § 409.
Accused's right to, and prosecution's privilege against, disclosure of identity of informer. 76 ALR2d 262.
[4] 29 Am Jur 2d, Evidence § 290.

4. EVIDENCE—IDENTITY—CHAIN OF POSSESSION.

> The people proved that the marijuana introduced at trial was the same marijuana seized from the defendant where they showed an unbroken chain of possession which accounted for the whereabouts of the narcotic from the time of seizure to the time of trial.

Appeal from Wayne, George E. Bowles, J. Submitted Division 1 March 4, 1971, at Detroit. (Docket No. 9148.) Decided March 25, 1971.

Michael Henry Wenrich was convicted of possession of marijuana. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Wing,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and QUINN and O'HARA,* JJ.

V. J. BRENNAN, P. J. Defendant was convicted by the court sitting without a jury of unlawful possession[1] of marijuana and sentenced to serve three and one-half to ten years in prison.

On the evening of December 3, 1968, officers Prokes and Whitty of the Livonia Police Department were cruising in their patrol car when they received a radio message to call the police station. Over the telephone, Sgt. Griese related that a narcotics raid had occurred earlier that night at a

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 335.153 (Stat Ann 1971 Cum Supp § 18.1123).

dwelling on Joy Road and that one of the persons arrested informed them that "the big boys" would be coming back to the house later on with 70 bricks of marijuana.

On the basis of this information the officers proceeded to stake out the house on Joy Road. Shortly thereafter, a Javelin sportscar with three occupants pulled up in front of the house. The defendant, a frontseat passenger, got out of the car and walked up to the house. As defendant was walking around the house, the Javelin pulled into the driveway whereupon a red Cadillac turned off of Joy Road and pulled up next to it. A conversation took place between the persons in these cars in which defendant participated. Then, all left.

Through their binoculars the officers observed that the Javelin's rear license plate light was out. Since they had been instructed to pull over cars coming to the house if at all possible in order to get the names of the occupants, they stopped the Javelin for the traffic offense. As the police motioned the car to pull over, they observed the driver bend over, apparently attempting to put something under the seat. Both officers approached the car, but Officer Prokes heard a broadcast over the police radio and went back to listen. Meanwhile Officer Whitty asked the driver to step out of the car. Under the driver's seat Officer Whitty discovered a loaded pistol. At that point Officer Prokes heard over the radio that a red Cadillac was allegedly one of the cars carrying marijuana and that the subjects could be armed. Officer Prokes returned to the Javelin and ordered the defendant and the rear-seat passenger out of the car. Officer Whitty asked defendant if he had a weapon too; the defendant said he did not. Officer Prokes said: "Do you mind if I look?" Defendant replied: "No". Officer Whitty

patted the defendant down. The officer then pulled out a total of five plastic bags of marijuana from two pockets of the defendant's trench coat. Defendant was then given his *Miranda* warnings[2] and taken to the station.

Defendant made a timely motion to suppress the evidence and a hearing was held thereon. The court denied the motion and found defendant guilty as charged.

The crucial assignment of error on this appeal is whether the court ought to have excluded the marijuana as the fruits of an illegal search and seizure.

The people contend, and we agree, that the evidence was properly seized as incident to a lawful arrest.

A police officer in Michigan may arrest a person when he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that such person has committed it. MCLA § 764.15 (Stat Ann 1954 Rev § 28.874). When the constitutional validity of an arrest is challenged, the court must determine whether the facts available to the officers at the moment of the arrest would warrant a man of reasonable caution in believing that an offense had been committed. *Beck* v. *Ohio* (1964), 379 US 89 (85 S Ct 223, 13 L Ed 2d 142). This determination is of prime importance since the validity of a warrantless search and seizure incident to an arrest stands or falls with the validity of the arrest. *People* v. *Wolfe* (1967), 5 Mich App 543.

In the case at bar, we believe that the following facts, known to the officers at the time of defendant's arrest, support a finding of probable cause: (1) information from an informer that there would be further drug traffic at the house that same night; (2)

---

[2] *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10. ALR3d 974).—Reporter.

defendant's furtive action at the house; (3) defendant's conversation with the occupants of the red Cadillac who were reported over the police radio as suppliers of narcotics; (4) the arrest of the driver of the car in which defendant was riding for possession of a concealed weapon. A lawful search of an automobile based upon probable cause is not rendered illegal by an attending arrest for a traffic violation. *People* v. *Zeigler* (1960), 358 Mich 355.

Having found that probable cause for arrest existed, the officers were privileged to search the arrestee's person and seize any evidence to prevent its concealment or destruction. *Chimel* v. *California* (1969), 395 US 752 (89 S Ct 2034, 23 L Ed 2d 685); *People* v. *Nelson* (1970), 29 Mich App 251.

Defendant also contends that the prosecution was required to disclose the identity of its informant in order to afford an opportunity to test his reliability. Suffice it to say that the practice of withholding the name of an informer in order to protect him and to insure his continued cooperation in the future is completely proper where, as here, the informant is not also a material witness on the issue of guilt. *United States* v. *Acosta* (CA5, 1969), 411 F2d 627; *Scher* v. *United States* (1938), 305 US 251 (59 S Ct 174, 83 L Ed 151).

Defendant's final contention, that the people failed to prove that the marijuana produced at trial was the same as that taken from the defendant, is without merit. The prosecution proved an unbroken chain of possession which accounted for the whereabouts of the marijuana from the time it was seized until trial. This was all that was necessary. See generally 21 ALR2d 1216.

Affirmed.

All concurred.