## PEOPLE v PHELPS

1. CRIMINAL LAW—EVIDENCE—PHOTOGRAPHIC IDENTIFICATION—IN-
   COURT IDENTIFICATION—INDEPENDENT RECOLLECTION.

   Testimony by a complaining witness that he was able to identify
   a defendant as the person who robbed him, that he had been
   only several feet from the robber at all times and had stared
   directly at the robber's face, and that his identification was not
   based on a photographic or lineup recognition, was sufficient to
   demonstrate an independent recollection; the identification tes-
   timony was therefore admissible even though a pre-custody
   photographic identification procedure may have been sugges-
   tive.

2. CRIMINAL LAW—RIGHT TO COUNSEL—PHOTOGRAPHIC IDENTIFICATION
   —PRE-CUSTODY IDENTIFICATION.

   There is no right to counsel at a pre-custody photographic dis-
   play.

3. CRIMINAL LAW—INFORMANTS—DISCLOSURE—PRODUCTION AT TRIAL
   —WITNESSES—MATERIAL WITNESSES.

   Michigan does not require the prosecution to disclose the name of
   an informant unless that informant is also a material witness,
   therefore there is no requirement for a trial court to *sua sponte*
   order the production of an informant who is not a material
   witness.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 369.
[2] 21 Am Jur 2d, Criminal Law § 313.
   Accused's right to counsel under the Federal Constitution—Su-
   preme Court cases. 2 L Ed 2d 1644.
   Accused's constitutional right to assistance of counsel. 84 L Ed 383.
[3] 21 Am Jur 2d, Criminal Law 328.
[4, 5] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
   21 Am Jur 2d, Criminal Law §§ 136, 137.
[6] 21 Am Jur 2d, Criminal Law § 315.
   Incompetency of counsel chosen by accused as affecting validity of
   conviction. 74 ALR2d 1390.
[7, 8] 20 Am Jur 2d, Courts §§ 233–236.

4. CRIMINAL LAW—APPEAL AND ERROR—DEFENSES—ALIBI—STATUTES —PRESERVING QUESTION.

The issue of the constitutionality of the Michigan alibi statute was not properly preserved for appeal where a defendant made no request for reciprocal discovery in the trial court and made no objections to the proceeding in the trial court and where the record does not demonstrate a manifest injustice (MCLA 768.20).

5. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT AGAINST SELF-IN-CRIMINATION—ALIBI—NOTICE—WAIVER.

A defendant's right against self-incrimination was not violated when the prosecution waived the notice requirement for alibi testimony after the defendant had taken the stand; the waiver was to the defendant's benefit as it allowed him to present his alibi testimony to the jury.

6. CRIMINAL LAW—CONSTITUTIONAL LAW—EFFECTIVE ASSISTANCE OF COUNSEL—TRIAL TACTICS—INCOMPETENCY OF COUNSEL.

A defense attorney's waiver of objection to identification testimony, which was clearly a trial tactic, did not deny the defendant the effective assistance of counsel because of counsel's alleged incompetency.

7. WITNESSES—CRIMINAL LAW—IMPEACHMENT—MISDEMEANOR—CONVICTIONS—CASE PRECEDENT—RETROACTIVITY.

A Supreme Court case prohibiting impeachment of witnesses by use of misdemeanor convictions is not retroactive.

8. CRIMINAL LAW—DEFENSES—ALIBI—INSTRUCTIONS TO JURY—CASE PRECEDENT—RETROACTIVITY.

A Supreme Court case which holds that it is error for a trial court to instruct the jury that they should view an alibi defense with caution, since such a defense is easy to prove and hard to disprove, is to be applied prospectively only to cases tried after the release of that opinion.

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted Division 2 October 9, 1974, at Lansing. (Docket No. 15413.) Decided January 6, 1975.

Albert Phelps was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Alan R. Freedman,* Assistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, For defendant.

Before: QUINN, P. J., and BASHARA and VAN VALKENBURG,* JJ.

BASHARA, J. Defendant was convicted of armed robbery, MCLA 750.529; MSA 28.797 and appeals.

Mr. John Starwas, on March 2, 1972, was robbed at gun point while working in his party store. Some two weeks after the robbery, Officer Wolak received an informant's tip that defendant had committed the robbery. Acting on this information, Officer Wolak showed Mr. Starwas and Eddie McClure, an employee present at the time of the robbery, three photographs. Two of the photographs were pictures of the defendant and a third picture was of another individual. Mr. Starwas identified the defendant as the robber from the photo display. However, Mr. McClure was not able to positively identify defendant. Shortly after the photo identification, a lineup was conducted and Mr. Starwas identified the defendant as the robber.

At defense counsel's request, a hearing on the admissibility of the identification procedures was held prior to trial. At this hearing, Mr. Starwas testified his identification was from memory and not based on the photo display. The court ruled that the lineup identification and an in-court identification would be admissible, however it would

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

not allow testimony concerning the photo identification. At this juncture defense counsel, recognizing that Mr. Starwas would testify that his identification was based on his memory, waived all objections to the identification procedure. Defense counsel did not object to the introduction of any identification testimony at trial, and in her closing argument to the jury emphasized the suggestiveness of the whole procedure.

Prior to the beginning of trial, the court granted the prosecutor's motion to bar defendant's alibi witnesses because the notice of alibi statute, MCLA 768.20; MSA 28.1043, had not been complied with.[1] During the cross-examination of defendant, the prosecution made reference to the potential testimony of defendant's alibi witnesses. The prosecutor then waived his objections to the notice requirement. Defendant subsequently produced several alibi witnesses.

Defendant's first allegation on appeal is that the two-man photo display was so inherently suggestive that the trial court erred in failing to exclude Mr. Starwas' in-court identification of defendant. Defendant does not, per se, challenge the lineup, except to argue that it was tainted by the improper photo procedure.

While the photo identification procedure used in this case may have been suggestive, an in-court identification is admissible if the complaining witness is able to demonstrate an independent recollection. *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974); *People v Fossey,* 41 Mich App 174; 199 NW2d 849 (1972). There is ample evidence in the record to support a finding of an independent basis of identification. Mr. Starwas testified that he was

---

[1] This Court notes that MCLA 768.20 has been amended by Public Acts 1974, No. 63, effective April 1, 1974.

able to identify defendant from the robbery and his identification was not based on the photo or lineup recognition. Mr. Starwas stated that although, to his recollection, he had never seen the defendant before, he was only several feet from the robber at all times and that he stared directly at the robber's face, so that he would be able to later identify him. We are of the opinion that the trial court did not err in allowing the identification testimony.

Defendant, in conjunction with the first issue, argues that he was entitled to be represented by counsel at the pre-custody identification and cites *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974); *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973). The Supreme Court in *People v Lee, supra,* p 625, has recently written on the question of pre-custody identifications. The Court in *Lee, supra,* stated:

"Defense counsel's argument that the right to counsel attaches once 'an investigation has focused' on a particular suspect is an inaccurate one, insofar as it is supposed to refer to 'pre-custody' investigation. The cases to which the defendant refers are *in*-custody not *pre*-custody cases.

"We decline to extend the reasoning of *Franklin Anderson [supra]* to the pre-custody, pre-questioning, mere suspicion phase that was evidenced here. It is not feasible to require appointment of counsel in cases of pre-custody photographic showups where there is no detention of the defendant since under such a rule each photograph arguably depicts a suspect and therefore each person whose photograph appears in the photographic display, or perhaps even the 'mug book' would require the representation of counsel. That would be impossible and absurd."

We conclude that there is no right to counsel at a pre-custody photo display.

Defendant next contends that the trial court's failure to *sua sponte* conduct the hearing on the reliability of the police informant, or to require the production of that informant, denied defendant the right to confrontation. The many cases cited by defendant are concerned with the corroboration of informant hearsay testimony used to establish probable cause for a warrant. This is not the case in the instant appeal. Michigan does not require the prosecution to disclose the name of an informant unless that informant is a material witness. *People v Asta,* 337 Mich 590; 60 NW2d 472 (1953); *People v Wenrich,* 31 Mich App 644; 188 NW2d 102 (1971). The informer in this case was not a material witness. Since the prosecution is not required to divulge the name of an informant, there is certainly no requirement for a trial court to *sua sponte* order the production of that informant.

Defendant next argues that the prosecutor, by manipulating the notice of alibi statute, *i.e.,* the waiving of the four-day notice requirement, only after defendant had taken the stand, violated the Supreme Court's rule in *Wardius v Oregon,* 412 US 470; 93 S Ct 2208; 37 L Ed 2d 82 (1973), and defendant's right against self-incrimination.

We find defendant's argument is not properly before this Court. Defense counsel failed to argue at trial that the Michigan alibi statute was unconstitutional under *Wardius, supra.* Due to the fact that no request for reciprocal discovery was made in the trial court and since no objections were made to the proceeding in the trial court on the question of the constitutionality of the statute, we find that defendant has not properly preserved the issue for appellate review. *People v Watkins,* 54 Mich App 576; 221 NW2d 437 (1974). Furthermore,

the record herein does not demonstrate a manifest injustice. *People v Ray Clifton Smith,* 20 Mich App 243; 174 NW2d 22 (1969). Defendant's argument with respect to self-incrimination is without merit. When defendant took the stand, he was aware that he would not be able to present his alibi witnesses. There was no compulsion; he was well aware of his choices. The fact that the prosecution waived the notice requirement was to his benefit. Without the prosecution's waiver, defendant would not have been able to present his alibi testimony to the jury.

Defendant's next assignment of error is that he was denied a fair trial because his counsel was incompetent. Defendant contends his attorney's waiver of objection to the identification testimony and failure to object to the hearsay informant testimony by Officer Wolak should entitle him to a new trial. We do not agree.

*Beasley v United States,* 491 F2d 687 (CA 6, 1974), has announced a new standard to determine whether there has been effective assistance of counsel. Applying *Beasley, supra,* to this case, we find that defense counsel's lack of objection to the identification was clearly a trial tactic. By waiving her objections to the photo identification, defense counsel was able to argue to the jury the suggestiveness of that procedure. Defense counsel made a motion for a mistrial upon the disclosure of the informant's testimony. Although the motion was properly denied, defense counsel could do no more. This contention is not persuasive.

During the course of trial, the prosecutor attempted to impeach the defendant by use of prior felony and misdemeanor convictions. Defendant argues that the recent Supreme Court decision of *People v Renno,* 392 Mich 45; 219 NW2d 422

(1974), which prohibits impeachment of witnesses by use of misdemeanor convictions is retroactive. The Court in *Renno, supra,* held:

> "We do not hesitate in this case to prohibit the *further use* of municipal ordinance or misdemeanor convictions used by the prosecution solely for impeachment purposes." *id.,* p 55. (Emphasis supplied.)

The Supreme Court by using the phrase "further use" was indicating that this decision is not to be applied retroactively. We so hold.

Defendant contends that the trial judge erred in instructing the jury that they should view the alibi defense with caution, since such a defense is easy to prove and hard to disprove. Defendant's argument is based on the theory that the recent case of *People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974), is retroactive in application. The Supreme Court in *McCoy, supra,* specifically stated that *McCoy* was prospective and to be applied only to cases that were tried after the release of that opinion. Defendant was tried prior to the release of *McCoy;* thus it does not apply to him.

Defendant's remaining assignments of error are without merit.

Affirmed.

All concurred.