PEOPLE v DAVIS

1. SEARCHES AND SEIZURES—SEARCH WARRANTS—INFORMANTS—AFFI-
DAVITS—SUFFICIENCY OF INFORMATION.

The test for determining whether an affidavit in support of a
search warrant, based upon hearsay statements of an unidenti-
fied informant, is sufficient to support issuance of the warrant,
is whether the affiant informed the court of the underlying
circumstances from which the informant drew his conclusions,
and of some of the circumstances from which the affiant
concluded that the informant was credible or his information
reliable.

2. SEARCHES AND SEIZURES—DRUGS AND NARCOTICS—AFFIDAVITS—
SEARCH WARRANTS—INFORMANTS—SUFFICIENCY OF INFORMA-
TION.

An affidavit in an instance where the affiant relies on hearing
statements of an unidentified informant where possession of
heroin is alleged is sufficient to support the issuance of a search
warrant where the affidavit recounts with specificity the man-
ner in which the information was obtained, that the affiant
police officer was in the vicinity when the alleged sale of heroin
was made, and that credibility of the informant was demon-
strated through other convictions obtained as a result of the
informant's information.

3. WITNESSES—CRIMINAL LAW—INFORMANT'S IDENTITY—DISCLOSURE—
INFORMANT'S PRIVILEGE.

A police informant's privilege to remain unidentified must give
way where the disclosure of the informant's identity is relevant
and helpful to the defense of an accused or is essential to a fair
determination of a case; in such a situation disclosure may be

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] 68 Am Jur 2d, Searches and Seizures §§ 64, 65.

Hearsay: propriety of considering hearsay or other incompetent
evidence in establishing probable cause for issuance of search
warrant. 10 ALR3d 359.

[3–5] 21 Am Jur 2d, Criminal Law § 332.

Accused's right to, and prosecution's privilege against, disclosure of
identity of informer. 76 ALR2d 262.

required and, if the information is withheld, the case should be dismissed.

4. CRIMINAL LAW—INFORMANTS—INFORMANT'S IDENTITY—DISCLOSURE.
   A prosecutor is justified in withholding an informant's identity where disclosure is neither relevant nor material to a fair resolution of the case.

5. CRIMINAL LAW—INFORMANT'S IDENTITY—DISCLOSURE—PROBABLE CAUSE—DISMISSAL OF CHARGES—IN CAMERA QUESTIONING—HARM TO PUBLIC.
   Dismissal of a case on the ground of nonproduction of an informant for *in camera* questioning by the court constitutes error where the function of the informant was confined solely to the furnishing of information sufficient to establish probable cause to search a defendant's apartment and where the informant was not a participant in the crime and his identity was not relevant to challenging the search warrant; the potential harm to the public by possible disclosure clearly outweighs any potential minimal benefits the defendant might desire from an *in camera* questioning.

Appeal from Recorder's Court of Detroit, Robert L. Evans, J. Submitted July 6, 1976, at Detroit. (Docket No. 25957.) Decided October 20, 1976.

Charley Davis was charged with possession of heroin. Charges dismissed. The people appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*David Murphy,* for defendant.

Before: V. J. BRENNAN, P. J., and N. J. KAUFMAN and R. H. CAMPBELL,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

N. J. KAUFMAN, J. Defendant was charged with two counts of possession of heroin, MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a).

The pertinent facts are as follows: Pursuant to a search warrant issued by a Recorder's Court judge, acting as a magistrate, the Detroit Police raided and searched an apartment located on Linwood Avenue in Detroit. In the course of the search, the officers found a powdery substance which they believed to be heroin and which they also believed to be in the possession and control of the defendant.

The affidavit which was used to justify the issuance of the search warrant recited in part the following:

"On June 3, 1975 affiant in conjunction with informant went to 15950 LINWOOD apt. #201 and purchased heroin from a b/m 5'9", 140 lbs., med. complx., 25, 26 yrs. old, and known to the informant as 'Chuck.'

"On June 3, 1975 prior to the informant going into the premises of 15950 LINWOOD apt. #201, he was searched to see if he was carrying any money or narcotics, he was not. Informant carried into premises only SS funds given to him by affiant to make purchase with. Upon informant exit from the premises he was again searched and suspected heroin was recovered. On above date affiant field tested purchase and test proved purchase to be positively heroin. Purchase then placed into LSF# 14-84403 and sent to the scientific lab. for analysis."

The affidavit further stated:

"Affiant knows the informant to be credible and reliable who has worked with the affiant in the past on numberous (sic) occassions (sic) resulting in the arrest of numberous (sic) persons with three (3) convictions and cases pending."

Defendant was arrested and arraigned on the possession charge. A motion to suppress the evidence, obtained as a result of the warrant, was filed before the commencement of trial. At the same time, defendant sought to compel disclosure of the informant's identity. The gravamen of defendant's position in the suppression motion centered on a two-fold attack on the admissibility of the heroin because first, "the affidavit supporting the warrant fails to set forth facts which are sufficient to indicate the reliability of the person upon whom the affiant relies" and secondly, the "underlying circumstances by which the person upon whom [the affiant] relied acquired [his] information are not described in sufficient detail to permit the Magistrate to conclude that the information itself is reliable. *Spinelli v United States,* 393 US 410 [89 S Ct 584; 21 L Ed 2d 637] (1969); *Aguilar v Texas,* 378 US 108 [84 S Ct 1509; 12 L Ed 2d 723] (1964)".

In response to defendant's motion, the trial judge on July 14, 1975, denied defendant's motion without prejudice and, instead, ordered "That the prosecution produce the 'informant' who supplied information to Detroit Police Officers to enable them to obtain a search warrant for the premises located at 15950 Linwood, Apt. #201, on or before August 4, 1975, for the purpose of *in camera* questioning by the Court".

On August 4, 1975, production was adjourned until August 7, 1975 at which time an assistant prosecuting attorney appeared without producing the informant. The prosecutor justified his failure to comply with the trial court's order because of the government's privilege to withhold disclosure of an informant's identity where disclosure is neither relevant nor material to a fair resolution of

defendant's case. Notwithstanding this contention, as a result of the prosecutor's failure to comply, the trial judge dismissed the case. The prosecutor appeals this dismissal as of right.

Initially, to resolve this appeal we must briefly review the standard set forth in *Aguilar* as a necessary backdrop to our discussion. The two-prong test to determine whether the information in the affidavit is sufficient to support issuance of a search warrant where the affiant relies on the hearsay statements of an unidentified informant is: the officer must inform the court of the "underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible' or his information 'reliable' ". *Aguilar, supra,* p 114.

Applying this test to the instant case, the *Aguilar* requirements are clearly met. The affidavit recounts with specificity the reliable manner in which the information concerning criminal activity was obtained. Significantly, the police officer was outside the apartment building when the informant allegedly obtained the heroin from the defendant. This allowed the affiant to closely monitor the purported sale. As a result, the circumstances of the buy had a sufficient indicia of reliability to cause the officer to believe the information was truthful. Furthermore, the credibility of the informant was amply demonstrated to the affiant by the numerous instances when convictions had been obtained as a result of his information. In sum, we believe the magistrate properly issued the search warrant.

Despite the foregoing, defendant asserts that the trial judge was correct in compelling the prosecu-

tor to bring the informant in for *in camera* questioning. He stresses that the instant case lends itself to the rule enunciated in *Roviaro v United States,* 353 US 53; 77 S Ct 623; 1 L Ed 2d 639 (1957). The defendant, relying on *Roviaro,* claims that the informer's identity should be disclosed to allow the defendant to test the reliability of the informant and to adequately prepare for trial. We disagree.

In the *Roviaro* case, the Court was dealing with the "informer's privilege, not at a preliminary hearing to determine probable cause for an arrest or search, but at the trial itself where the issue was the fundamental one of innocence or guilt. * * * [The] Court held that where, in an actual trial of a federal criminal case, 'the disclosure of an informer's identity * * * is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action' ".[1] Michigan is in accord with this view.[2]

The function of the informant in the instant case was confined solely to furnishing information sufficient to establish probable cause to search defendant's apartment. He was not a participant in the crime for which defendant was charged. His identity was not even relevant to challenging the search warrant, as the crux of the matter before the magistrate was not the truthfulness of the informant, but rather, whether the officer's affidavit justified the issuance of the search warrant. As we stated previously, it did.

---

[1] *McCray v Illinois,* 386 US 300, 309–310; 87 S Ct 1056; 18 L Ed 2d 62, *reh den* 386 US 1042; 87 S Ct 1474; 18 L Ed 2d 616 (1967).

[2] *People v Asta,* 337 Mich 590, 602; 60 NW2d 472 (1953), *People v Wenrich,* 31 Mich App 644; 188 NW2d 102 (1971), *People v Phelps,* 57 Mich App 300; 225 NW2d 738 (1975), *lv den* 395 Mich 773 (1975).

We appreciate the fact that the learned trial judge attempted to balance the interest of the public in the administration of justice and the right of the defendant to a fair trial. The procedure employed here, however, as noted above, served no useful purpose. Thus, the potential harm to the public by possible disclosure clearly outweighs any potential minimal benefits the defendant might derive from the *in camera* questioning.

Finally, we recognize that the trial judge's order should have been followed or the prosecutor should have sought immediate appellate review of the order. We are persuaded by the totality of the situation, however, that dismissal of the case because of failure to comply was too severe a method of punishment. Accordingly, we reverse and reinstate the case.