PEOPLE v HUNT

Docket No. 94103. Submitted January 19, 1988, at Detroit. Decided
    June 21, 1988. Leave to appeal applied for.

    The Detroit police obtained a search warrant to search for drugs
in the basement of a multi-unit apartment building owned by
Stacey B. Hunt on the basis of information supplied by an
informant who observed Hunt get drugs from two storage
rooms and a recreation room located in the basement. The
search warrant specified the area to be searched as the "entire
basement section (only)" of the apartment building. The base-
ment contained the storage rooms, a recreation room, a furnace
room and a laundry room, and two apartments, including the
apartment of Johnny Bell, the manager of the apartment
building. When the police executed the warrant, they searched
the apartments as well as the common areas of the basement.
The police found a quantity of marijuana in Bell's apartment
and a quantity of marijuana and cocaine in one of the storage
rooms. Bell was arrested and charged with possession of mari-
juana, while Hunt was separately charged with possession with
intent to deliver over 225 grams of cocaine and possession with
intent to deliver marijuana. Bell moved to suppress as evidence
the seized marijuana on the basis that the search of his
apartment was illegal because the warrant failed to specify
that his apartment should be searched. The Recorder's Court of
Detroit, Robert Evans, J., granted Bell's motion on the basis
that in the search of a multi-unit apartment building the
warrant must specify the particular subunit or subunits to be
searched. Hunt moved to suppress as evidence the cocaine and
marijuana found in the common areas of the basement. The
Recorder's Court of Detroit, Henry Heading, J., denied Hunt's
motion to suppress. Hunt was thereafter convicted as charged
following a bench trial before James R. Chylinski, J.

    The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Judgments §§ 415 *et seq.*
Am Jur 2d, Searches and Seizures §§ 60 *et seq.,* 73 *et seq.*
Search warrant: sufficiency of description of apartment or room to
    be searched in multiple-occupancy structure. 11 ALR3d 1330.

1. The insufficiency of the search warrant with respect to the search of the apartments within the basement did not render the search warrant ineffective with respect to the common areas of the basement in which the drugs being used as evidence against Hunt were found.

2. Hunt lacks standing to challenge the constitutionality of the search of Bell's apartment.

3. The ruling with respect to Bell's motion to suppress has no collateral estoppel effect on Hunt's motion to suppress.

Affirmed.

HOLBROOK, JR., P.J., dissented. He would hold that the overbreadth of the search warrant arising out of the failure to specify which subunits of the apartment building were to be searched rendered the warrant illegal, and, accordingly, the search of the common areas of the basement was also illegal. He would reverse.

1. SEARCHES AND SEIZURES — MULTI-UNIT DWELLINGS — WARRANTS.

A search warrant specifying as the area to be searched the basement area of a multi-unit apartment building is sufficiently specific to make lawful the search of the common areas located in the basement even though such a warrant would not be sufficiently specific to authorize a lawful search of an apartment also located in the basement; the unlawful search of individual apartments pursuant to such a warrant does not render the search of the common areas of the basement invalid.

2. SEARCHES AND SEIZURES — CONSTITUTIONAL LAW.

Fourth Amendment rights are personal rights and may not be vicariously asserted; a defendant who was not present at the time of a search and who does not assert a possessory or proprietary interest in the evidence seized does not have standing to challenge the search and seizure.

3. SEARCHES AND SEIZURES — COLLATERAL ESTOPPEL.

The determination of one trial judge with respect to the validity of a search undertaken pursuant to a search warrant does not bind by collateral estoppel the determination of another trial judge in a separate criminal prosecution of another defendant with respect to a motion to suppress evidence even though the search at issue was made pursuant to the same search warrant that was at issue in the prior prosecution.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of

the Criminal Division, Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Hugh M. Davis, Jr.,* for defendant on appeal.

Before: HOLBROOK, JR., P.J., and HOOD and N. J. KAUFMAN,* JJ.

HOOD, J. Defendant was found guilty, following a bench trial, of possession with intent to deliver over 225 grams of cocaine, MCL 333.7401(2)(a)(2); MSA 14.15(7401)(2)(a)(2), and possession with intent to deliver marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). Defendant was given concurrent sentences of twenty to thirty years on the first count and one to four years on the second count, with credit for eight days served, and appeals as of right.

On the basis of information obtained from informant Clarence Boyd, the Detroit police obtained a search warrant to search for drugs in the basement of a three-story apartment building owned by defendant. Boyd made buys from defendant on June 6, 13, 24, July 12, August 24, and October 3, 1984. On one of those occasions, he observed defendant get the drugs from two storage rooms and a recreation room in the basement of the apartment building. The warrant provided for a search of

> [t]he entire basement section (only) of an apartment building, which is located at 9326 N. Martindale, which is located in the City of Detroit, the County of Wayne and the State of Michigan (the basement area being used for the storage and control of controlled substances) and the person of

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Stacey Hunt or any other persons in the area of suspected controlled substances.[1]

The basement contained a laundry room, a furnace room, the two storage rooms, a recreation room, and two apartments, one of which was occupied by Johnny Bell, the manager of the apartment building. The police knew that there was at least one apartment in the basement.

When the police executed the search warrant, they searched the two apartments in the basement, as well as the common area of the basement. The police found a quantity of marijuana in Bell's apartment and found a quantity of marijuana and cocaine in one of the storage rooms. Defendant and Bell were arrested several months later. The marijuana found in Bell's apartment was used in Bell's prosecution, and the marijuana and cocaine found in the storage room was used in defendant's prosecution. Bell's case was assigned to Recorder's Court Judge Robert Evans and defendant's case was assigned to Recorder's Court Judge Henry Heading.

Before his trial, Bell moved to suppress the evidence against him on the ground that the search warrant lacked specificity, citing *People v Franks,* 54 Mich App 729; 221 NW2d 441 (1974). In *Franks,* this Court held that, where the police know that a building they wish to search has multiple units, the search warrant must specify the subunit or subunits they wish to search. *Franks, supra,* pp 732-736. Judge Evans granted Bell's motion. Defendant also filed a motion to suppress the evidence against him on the ground that the search warrant was not supported by probable cause. Judge Heading denied this motion.

---

[1] A copy of the search warrant was not contained in the record. We take the language from the parties' briefs on appeal.

On the first day of trial, defendant argued that Judge Evans' decision in Bell's case, that the warrant lacked specificity, should apply also to his case, mandating the suppression of the evidence against him. Judge Heading denied the oral motion, and trial proceeded.

On appeal, defendant first claims that the trial court erred in denying his motion to suppress under *Franks.* We disagree. As previously stated, *Franks* provides that, where a multi-unit building is involved and the police know of the multi-unit character of the building, the warrant must state specifically which subunit is to be searched. See also *People v Kinnebrew,* 75 Mich App 81; 254 NW2d 662; (1977); *People v Toodle,* 155 Mich App 539; 400 NW2d 670 (1986). In the instant case, the *Franks* rule was not violated as to defendant. The police wanted to search the basement section of the apartment building, and only that section was specified in the warrant. Arguably, the police exceeded the scope of the warrant when they searched Bell's basement apartment. Had the police wanted to search only Bell's apartment, *Franks* requires that the warrant must have so stated. However, they wanted to search the basement section only, and the warrant specified the basement section only. We agree that the evidence found in Bell's apartment which the prosecution sought to use against Bell was properly suppressed, as no search warrant was procured for Bell's apartment. However, this does not require the suppression of the legitimately found evidence which was used against defendant.

Even if we were to find that the entire search warrant was invalid, we would find that defendant lacks standing to challenge the validity of that warrant.

[C]onstitutional protections are personal. Only an individual who "belongs to the class for whose sake the constitutional protection is given" can seek to invoke its protection. [*People v Smith,* 420 Mich 1, 24; 360 NW2d 841 (1984), quoting *New York ex rel Hatch v Reardon,* 204 US 152, 160; 27 S Ct 188; 51 L Ed 415 (1907).]

Before a defendant may attack the propriety of a search and seizure, such search and seizure must have infringed upon an interest protected by Const 1963, art 1 § 11, the provision which prohibits unreasonable searches and seizures. In making this determination, the court must decide, based upon the totality of the circumstances, whether the defendant had a reasonable expectation of privacy in the object of the search and seizure. *People v Smith,* 420 Mich 1, 28; 360 NW2d 841 (1984). [*People v Dalton,* 155 Mich App 591, 596; 400 NW2d 689 (1986).]

Fourth Amendment rights are personal rights and may not be vicariously asserted. An individual does not have standing to challenge a search and seizure unless that person was present at the time of the search or asserts a possessory or proprietary interest in the evidence seized. [*People v Sellars,* 153 Mich App 22, 26; 394 NW2d 133 (1986), lv den 426 Mich 879 (1986).]

In the instant case, only the search of Bell's apartment was unreasonable and unconstitutional. Defendant had no privacy interest in Bell's apartment, and defendant had no possessory interest in any of the evidence found in Bell's apartment. Although Bell could challenge the search of his apartment, defendant lacked standing to do so. See *Sellars, supra; United States v Nagle,* 34 F2d 952 (ND NY, 1929).

Next, defendant claims that collateral estoppel should apply so as to mandate suppression of the

evidence against him. Defendant claims that Judge
Evans' finding that the warrant was defective
should be applied to his case. We disagree. The
doctrine of collateral estoppel bars the relitigation
of issues previously decided where the parties to a
second litigation are the same as those in the prior
litigation. *People v Ward,* 133 Mich App 344, 353;
351 NW2d 208 (1984), lv den 422 Mich 975 (1985).
Collateral estoppel cannot apply in the instant
case as defendant was not a party in Bell's case. In
addition, Judge Heading was not bound by Judge
Evans' decision. A circuit or recorder's court judge
is required to follow published decisions of this
Court and of the Michigan Supreme Court. There
is no similar requirement that one circuit or re-
corder's court judge follow the decision of the
other.

Affirmed.

N. J. Kaufman, J., concurred.

Holbrook, Jr., P.J. *(dissenting).* I respectfully
dissent. I would hold that the search and seizure is
illegal because the authorizing warrant lacked the
constitutionally required degree of particularity as
to the scope of the premises subject to search,
thereby mandating suppression of the evidence
incriminating defendant.

A valid warrant must describe the premises to
be searched with particularity. *People v Cyr,* 113
Mich App 213, 227; 317 NW2d 857 (1982), lv den
414 Mich 888 (1982). The policy effectuated by the
particularity requirement is the prevention of dis-
cretionary blanket searches by the police beyond
the scope of the premises for which probable cause
exists. *United States v Bedford,* 519 F2d 650 (CA 3,
1975), cert den 424 US 917; 96 S Ct 1120; 47 L Ed
2d 323 (1976); *People v Toodle,* 155 Mich App 539,
547-548; 400 NW2d 670 (1986).

In the case at bar, the warrant encompassed (1)

a common area owned by defendant and (2) two apartments serving as the residences of persons other than defendant. Probable cause to conduct a search existed only with respect to the common area. The police proceeded to obtain a warrant and to conduct a search pursuant to that warrant, despite their awareness of the separate apartment units, for which probable cause did not exist. Although *People v Franks,* 54 Mich App 729; 221 NW2d 441 (1974), is not directly controlling, its underlying principle—that "a search warrant which fails to specify a known sub-unit is constitutionally defective"—is violated under these facts. *Id.,* p 732. When the multi-unit character of a building is known to the police, a search of each and every subunit must be separately and independently justified by a showing of probable cause. *Id.,* p 733. Because the overbreadth of this warrant renders it illegal, the entire search conducted under its aegis shares in that illegality. Otherwise, the deterrent policy of the exclusionary rule would not be fully vindicated. The majority holding will not dissuade the police from engaging in similar future searches because they have nothing to lose by expanding the search beyond its legal justification. See generally *Perez v State,* 249 Ark 1111; 463 SW2d 394 (1971); Anno: *Search warrant: sufficiency of description of apartment or room to be searched in multiple-occupancy structure,* 11 ALR3d 1330.

Defendant had a possessory or proprietary interest in the common area of the basement. That area was searched pursuant to an illegal warrant. Therefore, defendant had standing to challenge the search. The fact that the police could have obtained a valid warrant limited in scope by the known facts relied upon to establish probable cause does not diminish this standing.

I would reverse.