PEOPLE v BROILO

1. SEARCHES AND SEIZURES—WARRANTS—CRIMINAL ACTIVITY—SUBSTANTIAL DELAY—INTERVENING FACTS—REASONABLE CAUSE.

   The controlling rule, where there has been a substantial delay between observation of criminal activity and issuance of a search warrant based thereon, is that no warrant may issue except upon a showing of intervening facts that give reasonable cause to believe that the criminal activity is continuing and presently occurring.

2. SEARCHES AND SEIZURES—WARRANTS—REASONABLE CAUSE—CRIMINAL ACTIVITY—DELAY.

   There must be something more than the mere fact that an unusual number of persons entered and exited the premises to be searched in order to give reasonable cause to believe that criminal activity is continuing and presently occurring where a lengthy delay between the observation of criminal activity and a request for a search warrant based thereon has occurred.

3. SEARCHES AND SEIZURES—MOTION TO SUPPRESS—TESTIMONY—ERRONEOUS EVIDENCE—PROBABLE CAUSE.

   Evidence obtained under a search warrant must be suppressed where it is brought to the attention of the court from the testimony at a hearing on the motion to suppress that the evidence had been seized on the basis of statements of facts erroneously made by the affiant which struck at the heart of the affidavit's showing of probable cause.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 November 13, 1974. (Docket No. 19366.) Decided February 12, 1975.

Edward J. Broilo was charged with possession of

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 68 Am Jur 2d, Searches and Seizures § 41 *et seq.*

phencyclidine with intent to deliver. From an order granting a motion to suppress a search warrant and the evidence obtained thereunder, the prosecution appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert W. Horn,* Assistant Prosecuting Attorney, for the people.

*Robert Mann (Gershwin A. Drain,* of counsel), for defendant on appeal.

Before: BASHARA, P. J., and DANHOF and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. This appeal, brought by the Prosecuting Attorney, centers on the question of whether a Recorder's Court Judge abused his discretion in suppressing a search warrant and the evidence obtained in the resulting search.

The warrant, issued after midnight on November 8, 1973, permitted officers to search premises at 7787 Brace Street, in the City of Detroit. The facts relating thereto will be discussed in connection with the three sub-issues herein presented.

The statute providing the procedure for obtaining search warrants, MCLA 780.651; MSA 28.1259(1), reads:

"When an affidavit is made on oath to a magistrate authorized to issue warrants in criminal cases and when the affidavit establishes the grounds for issuing a warrant pursuant to this act, the magistrate, if he is satisfied that there is a reasonable or probable cause therefor, shall issue a warrant to search the house,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

building or other location or place where the property or thing which is to be searched for and seized is situated."

Following the two introductory paragraphs of the affidavit, paragraphs 3 and 4 refer to sales of phencyclidine made to a confidential source on September 25, and 27, 1973. Neither of these paragraphs mention the fact that the officers possessed a warrant for the arrest of the defendant.

During the arguments on the motion to quash, the following colloquy transpired:

*"The Court:* * * * I'd like to see that affidavit, too. Because I wonder if they recite that there is a warrant issued and outstanding in that affidavit.

*"Mr. Schigur (assistant prosecutor):* No, I don't think it does.

*"The Court:* No. Would you say that's a lack of candor?

*"Mr. Schigur:* Here is the affidavit.

*"The Court:* The search warrant was issued on the 8th day of November, 1973. Yes, there is no mention of the fact that there was an outstanding warrant on that basis. I don't really need the officer's testimony on that basis because the affidavit, the search warrant on its face shows a lack of candor on the police department in presenting the facts to the Magistrate who issued the warrant. On that basis alone, I will hold that the affidavit for the search warrant, based on the information that they had was insufficient and I will suppress the search warrant, suppress the evidence."

It should be noted that the assistant prosecutor did not answer the question as to the lack of candor, but left it entirely to the court.

Defendant's first contention is that the drug sales to a police undercover agent, which were principal constituents of the probable cause for the search warrant, were too stale because they were

made 42 and 44 days before issuance of the warrant. The prosecutor's rejoinder is to note the established distinction between possession cases and sale/delivery cases and argue that the facts of the sales "while not establishing probable cause for a charge of sale of narcotics, do provide probable cause for possession of narcotics".

The prosecutor's argument is inapposite, however, because defendant was charged in the instant case with possession with intent to deliver, not merely with possession. The former crime is distinct from the latter under the Controlled Substances Act of 1971, MCLA 335.341; MSA 18.1070(41).

The controlling rule where there has been a substantial delay between observation of criminal activity and issuance of a search warrant based thereon is, as stated in *People v Chippewa Circuit Judge,* 226 Mich 326; 197 NW 539 (1924), that no warrant may issue except upon a showing of intervening facts that give reasonable cause to believe that the criminal activity is continuing and presently occurring. *Accord, People v Wright,* 367 Mich 611; 116 NW2d 786 (1962); *People v Siemieniec,* 368 Mich 405; 118 NW2d 430 (1962). These cases have held that, absent a showing of intervening facts, even six and four day intervals after the observations of criminal activities negate them as bases for issuance of search warrants.

In the instant case, however, the only showing of intervening facts is contained in the fifth paragraph of the affidavit for the search warrant which is based on a surveillance of 7787 Brace Street between September 25, 1973 and November 5, 1973:

"During which time the affiant observed an unusual number of persons entering and exiting the premises."

This type of information in affidavits originated during the prohibition era and it is well settled that there must be something more than the mere fact that people were coming and going in order to give reasonable cause to believe that the criminal activity is continuing and presently occurring. Such additional evidence could be information or suspicious actions of the parties. But in the instant case there were no averred intervening facts establishing probable cause to believe that illicit drug deliveries were continuing when the search warrant was issued. *People v Ziamkowski,* 247 Mich 629; 226 NW 673 (1929); *People v Wright, supra.*

The last paragraph is premised on an allegedly monitored telephone call to the defendant by a confidential source wherein a promise was made to deliver 2000 tablets of phencyclidine. Here, we encounter a mystery. The officer not only swore to the truth of this statement, but stated on cross-examination, "I stood by the person while the call was made and overheard the conversation".

Yet, we have the testimony of the confidential source during the preliminary examination on the delivery charge as follows:

*"Q. (by Mr. Mann, defense counsel):* You haven't had the occasion to talk to him (Mr. Broilo) over the phone, either, have you?

*"A. (by witness Weisenberger):* No."

This inconsistency was unknown to the judge who issued the warrant, but came to light later. Therefore, we are confronted with the question of whether the warrant should have been quashed when the fact was revealed. The issue was settled by a Federal court in *United States v Morris,* 477 F2d 657 (CA 5, 1973) as follows:

" 'Once it came to the attention of the court, from the testimony at the motion to suppress hearing, that evidence had been seized on the basis of statements of facts erroneously made by the affiant which struck at the heart of the affidavit's showing of probable cause, the court was required to grant the motion.' " 477 F2d at 662.

Also, see *United States v Jones,* 475 F2d 723 (CA 5, 1973); *United States v Upshaw,* 448 F2d 1218 (CA 5, 1971).

After striking paragraphs 3, 4 and 5 of the affidavit, and the contradiction of the last averment, the issuing judge had no assurance that probable cause actually existed.

The prosecutor insists that the police should be supported in their efforts to combat crime. We wholeheartedly agree. However, it is common knowledge that the United States and Michigan Constitutions protect the rights of individuals to be free from unreasonable searches and seizures in their homes. Consequently, the statutes and court decisions have been formulated with the intention of creating a proper balance between these rights and the protection of the public from criminal acts.

The law in Michigan, hereinbefore quoted, requires that probable cause be shown before the warrant can be issued. A careful examination of the facts as presented in this case clearly indicates that this essential ingredient was lacking.

Affirmed.