PEOPLE v STAFFNEY

1. SEARCHES AND SEIZURES—SEARCH WARRANTS—AFFIDAVITS—ALLE-
GATIONS IN AFFIDAVITS—PROBABLE CAUSE.

A defendant may challenge the accuracy of the allegations in an
affidavit given in support of a search warrant where testimony
inadvertently reveals that the affidavit contains an erroneous
or inaccurate statement material to a finding of probable cause.

2. SEARCHES AND SEIZURES—AFFIDAVITS—INACCURATE STATEMENTS—
PROBABLE CAUSE—SEARCH WARRANTS.

The affidavit must be examined to determine whether the issuing
judge could find that probable cause existed where an inaccu-
rate statement is stricken from an affidavit given in support of
a search warrant.

3. SEARCHES AND SEIZURES—PROBABLE CAUSE—SEARCH WARRANTS—
AFFIDAVITS—AFFIANTS—INFORMANTS.

Probable cause exists for issuing a search warrant where the
affidavit given in support of the warrant indicates that the
affiant had known the informant for 10 years and that the
informant had, in the recent past, made three purchases of
controlled substances under the affiant's supervision, and where
the affidavit states that on the date of the offense the informant
personally observed the defendant in possession of 18 to 20
paper packets of what the informant believed to be heroin.

4. SEARCHES AND SEIZURES—AFFIDAVITS—SEARCH WARRANTS—INFOR-
MANT'S CREDIBILITY—AFFIANTS—INFORMANTS.

The affiant of an affidavit given in support of a search warrant is
only required to provide the issuing magistrate with some of
the underlying circumstances related to an informant's credi-
bility and is not required to provide the informant's entire
background.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 68 Am Jur 2d, Searches and Seizures § 64 *et seq.*
  Search warrants: disputing matters stated in supporting affidavit. 5
    ALR2d 394.
[3, 4] 68 Am Jur 2d, Searches and Seizures § 42.
[5, 6] 29 Am Jur 2d, Evidence §§ 611, 612.

5. Criminal Law—Evidence—Admissibility—Preliminary Examinations—Trials.

   The evidence presented by the people at the preliminary examination or the trial must be legally admissible.

6. Criminal Law—Evidence—Admissibility—Preliminary Examinations.

   Evidence is not admissible at the preliminary examination when
   it is obtained in violation of a defendant's rights.

Appeal from Kent, Roman J. Snow, J. Submitted June 1, 1976, at Grand Rapids. (Docket No. 26078.) Decided August 24, 1976.

Harold Staffney was convicted of possession of heroin. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Harold S. Sawyer,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Assistant Prosecuting Attorney, for the people.

*Varnum, Riddering, Wierengo & Christenson* (by *Dennis C. Kolenda),* for defendant.

Before: Danhof, C. J., and D. E. Holbrook and D. L. Munro,* JJ.

Danhof, C. J. On June 16, 1975, Harold Staffney was found guilty by the trial court sitting without a jury of the offense of possession of heroin. MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a). He was sentenced to a term of a minimum of four years to a maximum of eight years in prison on August 21, 1975, pursuant to MCLA 335.348; MSA 18.1070(48). The defendant appeals as of right.

On May 16, 1974, a preliminary examination was held. At the conclusion of the hearing, the

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

prosecutor moved that the defendant be bound over to the circuit court on the charged offense. The defense attorney objected to this motion. He argued that inadequate information had been presented to the magistrate who issued the search warrant in this case and, thus, the evidence should be suppressed. He based this argument on the information disclosed at the preliminary examination. On August 6, 1974, the district judge, in a written opinion, denied the defendant's motion to suppress.

On March 7, 1975, a hearing was held in the circuit court on the defendant's motion to suppress. Addressing himself to the defendant's attack on the truth of the affidavit in support of the search warrant in the present case, the circuit judge stated:

"It is my opinion that the law at this time is that you cannot go beyond the face of the search warrant in an attempt to question the truth of the affidavit for the search warrant."

The defendant objected to one phrase on the face of the affidavit in support of the warrant, as untrue. The other objections were to information omitted from the affidavit concerning the reliability of the undisclosed informant. The circuit judge found that even without the objected-to statement in the affidavit there was "sufficient information to present probable cause to the magistrate for the issuance of a warrant". The court then denied the defendant's motion.

The first issue raised on appeal is whether the defendant may challenge, by proof *aliunde,* the accuracy of the allegations in the affidavit given in support of a search warrant.

In earlier cases during the prohibition era, the

Supreme Court followed the rule that the defendant may not challenge the truth of the facts alleged in the affidavit in support of the search warrant that do not go to the jurisdiction of the issuing magistrate. *People v Middleton,* 245 Mich 197, 198–200; 222 NW 173 (1928). See also *People v Kerwin,* 234 Mich 686; 209 NW 157 (1926), and *People v Czckay,* 218 Mich 660; 188 NW 376 (1922).

No recent case by the Michigan Supreme Court has addressed the issue.

However, the earlier rule was modified by this Court in *People v Broilo,* 58 Mich App 547, 551–552; 228 NW2d 456 (1975). In affirming the suppression of a search warrant, the Court in *Broilo* relied upon the case of *United States v Morris,* 477 F2d 657 (CA 5, 1973). The *Morris* court held the warrant in that case invalid because it had been based upon an affidavit containing inaccurate statements that materially affected the showing of probable cause. The court carefully limited the issue, though, by stating, *id,* at 662, fn 3:

"At this point it is important to emphasize that this case does not raise the issue of whether a defendant is entitled to a hearing to test the underlying factual validity of the affidavit on the basis of which a warrant has been issued. This issue has yet to be resolved by the Supreme Court though it has occasioned considerable commentary. * * * In this case a probable cause hearing was conducted during the course of which testimony inadvertently revealed that the Powell affidavit contained an erroneous statement." (Citations omitted.)

In line with its facts and the authority cited, the *Broilo* case, *supra,* did allow the allegations in the affidavit to be challenged where testimony inadvertently revealed that the affidavit contained inaccu-

rate statements material to a finding of probable cause.

The defendant invites us to adopt the more extensive challenge to the affidavit allowed by the Court in *United States v Luna,* 525 F2d 4 (CA 6, 1975). We decline the invitation. It is apparent from the record that the instant case does not come within the purview of the circumstances set forth in *United States v Luna, supra.*

In view of the facts of this case, we do not wish to extend the rule pertaining to challenges to the affidavit in support of a search warrant beyond that enunciated in *People v Broilo, supra.* However, we make no ruling here as to whether the testimony of the affiant elicited on cross-examination was inadvertent or otherwise. As to the effect of *Broilo,* the second issue is dispositive of the present case.

The second issue raised on appeal is whether the search warrant was invalid because it was based upon misrepresentations and omissions of material facts.

In the present case, the defendant objected to the following emphasized phrase in the affidavit: "Affiant knows the identity of this informant and has known him for a period of perhaps ten years, *and has relied upon information supplied by him on several prior occasions over the years".*

The affiant testified during cross-examination at the preliminary examination that the informant had contacted him 25 or 30 times in the past 10 years, but that the information supplied had never resulted in a conviction. It further appears that the informant made buys under the affiant's supervision and surveillance in the past month prior to the hearing, but not "over the years". Beyond this, the record does not indicate to what extent the

affiant relied upon the information supplied by the informant "over the years".

Even granting that the objected-to phrase was inaccurate, and not merely vague, the warrant would still be valid. As in *People v Broilo, supra,* at 552, after the inaccurate statement is stricken, the affidavit must then be examined to determine whether the issuing judge could find that probable cause existed. In the instant case, the affidavit indicates the affiant had known the informant for 10 years and that the informant had made three buys of controlled substances under the affiant's supervision within the recent past. Further, the affidavit indicates that on the date of the offense the informant had personally observed the defendant in possession of 18 to 20 paper packets of what the informant believed to be heroin. Given these grounds for establishing probable cause, we do not find that the magistrate erred in issuing a search warrant in the present case. MCLA 780.651; MSA 28.1259(1), and MCLA 780.653; MSA 28.1259(3).

The defendant also contends that the affiant's omissions as to the informant's background were misrepresentative of the informant's credibility.

The United States Supreme Court in *Aguilar v Texas,* 378 US 108, 114–115; 84 S Ct 1509; 12 L Ed 2d 723 (1964), stated:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant * * * , the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed * * * was 'credible' or his information 'reliable'." (Citations omitted.)

As indicated in *Aguilar v Texas, supra,* the affiant is only required to provide the issuing magistrate with some of the underlying circumstances related to the informant's credibility, not the informant's entire background. Thus, the omissions in the present case do not affect the validity of the warrant.

Finally, the defendant argues that the circuit court erred in overruling the district court's finding that "the affidavit for the search warrant does not satisfy the requirements of our present search warrant law".

In its opinion of August 6, 1974, the district court denied the defendant's motion to suppress by stating that the evidence, though inadmissible at trial, would be received for purposes of the preliminary examination. In finding the evidence was inadmissible and that the search warrant should not have been issued, the district judge stated that the only ground presented to indicate the informant was credible was that the informant had been awaiting trial in circuit court on a controlled substance violation.

The district court erred in two respects. First, the showing required of the people at a preliminary examination, as well as at trial, must be made by legally admissible evidence. *People v Charles D Walker,* 385 Mich 565, 575; 189 NW2d 234 (1971). When the district court found the evidence was obtained in violation of the defendant's rights, it should have not been found admissible for purposes of the preliminary examination. Second, it is obvious from the ground set forth in support of the district court's contention that the affiant had failed to show that the informant was credible, that the district court did not take into account the entire showing on the part of the

people in support of the warrant. The circuit court was thus correct in finding, contrary to the district court, that there were sufficient grounds to find probable cause to issue the warrant.

Affirmed.