PEOPLE v PRICE

Docket No. 30833. Submitted June 12, 1978, at Grand Rapids.—Decided November 6, 1978. Remanded in lieu of leave to appeal, 406 Mich —.

Albert Price, Jr., was convicted of breaking and entering with intent to commit larceny in Saginaw Circuit Court, Joseph R. McDonald, J. Latent fingerprints were discovered on pieces of glass at Kucher's Standard Station where a rock had been thrown through the window. Defendant, pursuant to court order, was detained for submission of finger and palm prints in the investigation of an unrelated offense. The affidavit which served as a basis for the order contained a misstatement of fact. While it read that defendant attempted to give the informant "the .25 caliber gun", meaning the gun used in the offense, it should have read that defendant attempted to give the informant "a gun". Defendant was fingerprinted and released. Comparison of these prints led to defendant's arrest on the unrelated charge and further fingerprinting. The latest fingerprints matched the latent prints on the pieces of glass from Kucher's station and defendant was arrested for the Kucher break-in. Defendant's pretrial motion to suppress the fingerprint evidence as the fruit of an illegal arrest was denied. On appeal, defendant contends that the order to submit fingerprints taken pursuant to the order and their fruits must be suppressed. *Held:*

The order should have been quashed and all evidence derived therefrom held inadmissible. The magistrate relied upon an erroneous statement in issuing the order for detention, fingerprinting and palm printing of the defendant and although the misrepresentation was unknown to the judge at the time he issued the order he should have quashed the order and suppressed the evidence when the existence of the erroneous statement later came to light. Probable cause should be determined by the Court of Appeals from a review of the affidavit

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 68 Am Jur 2d, Searches and Seizures §§ 42, 71.
[2, 4] 68 Am Jur 2d, Searches and Seizures §§ 29, 105.
[3] 68 Am Jur 2d, Searches and Seizures §§ 60, 62, 64, 68.
[4] 68 Am Jur 2d, Searches and Seizures §§ 67, 68.

absent the erroneous statement upon which the issuing magistrate relied. There was no probable cause for issuance of the order.

Reversed.

1. SEARCHES AND SEIZURES—PROBABLE CAUSE—MAGISTRATES—WARRANT REQUIREMENTS—FOURTH AMENDMENT.

The general rule concerning searches and seizures is that the Fourth Amendment requires a prior determination by a detached and disinterested magistrate that probable cause to search exists.

2. EVIDENCE—FINGERPRINT EVIDENCE—DETENTION FOR FINGERPRINTING—FOURTH AMENDMENT.

Fingerprint evidence and detentions for the sole purpose of obtaining fingerprints are included within the reach of the Fourth Amendment.

3. APPEAL AND ERROR—SEARCHES AND SEIZURES—AFFIDAVITS—ERRONEOUS STATEMENTS—PROBABLE CAUSE—MAGISTRATES.

An erroneous statement, relied upon by a magistrate in issuing an order for the detention, fingerprinting and palm printing of a defendant, should be deleted from the affidavit and probable cause should be determined from a review of the affidavit, by the Court of Appeals, absent the erroneous statement upon which the issuing magistrate relied; the order should have been quashed and all evidence derived therefrom held inadmissible where the misrepresentation was unknown to the judge who issued the order but came to light later and where appellate review of the affidavit, absent the erroneous statement, leads to a finding of absolutely no probable cause for issuance of the order.

4. SEARCHES AND SEIZURES—PROBABLE CAUSE—DETENTION ORDERS—PHYSICAL IDENTIFICATION—REASONABLE CAUSE TEST—LEGISLATIVE ACTION.

The Court of Appeals will not adopt a "reasonable cause" test to permit the detention of criminal suspects for the limited purpose of obtaining physical identification evidence without probable cause in the traditional sense in the absence of legislation or rule of the Michigan Supreme Court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczma-*

*rek,* Prosecuting Attorney, and *Peter C. Jensen,* Assistant Prosecuting Attorney, for the people.

*Kim R. Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and W. VAN VALKENBURG, * JJ.

D. E. HOLBROOK, JR., P.J. Defendant was convicted by a jury of breaking and entering with intent to commit larceny contrary to MCL 750.110; MSA 28.305. Thereafter sentenced to a prison term of 2-1/2 to 10 years, defendant appeals as of right.

On August 18, 1975, at approximately 3 a.m., Kucher's Standard Service was broken into. A rock had been thrown through the front window removing sufficient glass to provide an opening sufficient to permit entry by a person. Upon investigation that afternoon, the police discovered latent fingerprints on several pieces of glass found lying in the parking lot and one from the window frame. No other areas were fingerprinted and no fingerprints were matched to any suspects.

Eleven days later defendant, pursuant to court order, was detained for the purpose of submitting fingerprints and palmprints in the investigation of an unrelated offense. The affidavit, however, which served as the basis for the order contained a misstatement of fact. While it read that defendant attempted to give the informant "the .25 caliber gun", meaning the gun used in the offense, it should have read that defendant attempted to give the informant "a gun".

Pursuant to the order aforesaid the defendant,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

whose fingerprints had not previously been on file with any police agency, was taken from his home to the police station, fingerprinted and immediately released. Comparison of these prints led to defendant's arrest on the unrelated charge and further fingerprinting. The latest fingerprints were subsequently matched with nine of 22 latent prints discovered as a result of the Kucher break-in. Prints from defendant's left hand were found on both sides of the pieces examined. Defendant was then arrested for the Kucher break-in.

Defendant's pretrial motion to suppress the fingerprint evidence as the fruit of an illegal arrest was denied and trial commenced. While defendant raises three issues on appeal one is dispositive and mandates reversal.

Defendant contends that the order to submit fingerprints was issued without probable cause, and that the fingerprints taken pursuant to the order and their fruits must be suppressed as violative of the US Const, Am IV and the Michigan Const 1963, art 1, § 11. The general rule concerning searches and seizures is that the Fourth Amendment requires a prior determination by a detached and disinterested magistrate that probable cause to search exists. *Coolidge v New Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971). Fingerprint evidence and detentions for the sole purpose of obtaining fingerprints are included within the reach of the Fourth Amendment. *Davis v Mississippi,* 394 US 721; 89 S Ct 1394; 22 L Ed 2d 676 (1969).

The order issued was based upon an affidavit which contained the following statement:

"That Juanita Clark stated that Albert Price, Jr.

attempted to give her *the .25 Caliber gun* on August 22, 1975 at Claude's Bar in Saginaw, Michigan and that she did not take it." (Emphasis supplied.)

During the course of the hearing on defendant's pretrial motion to suppress affiant acknowledged this statement to be in error. Rather than "the .25 caliber gun" the statement should have read "a gun". Since the statement was erroneous it must be deleted from the affidavit and our review of probable cause must be determined from review of the affidavit absent the erroneous statement upon which the issuing magistrate relied. *People v Broilo,* 58 Mich App 547; 228 NW2d 456 (1975), *People v Staffney,* 70 Mich App 737; 246 NW2d 364 (1976).

Having reviewed the affidavit, absent the erroneous statement, we find absolutely no probable cause for the issuance of the order for the detaining, fingerprinting and palmprinting of the defendant. Analogous to *Broilo, supra,* the misrepresentation was unknown to the judge who issued the order, but came to light later, and the order should have been quashed and all evidence derived therefrom held inadmissible.

While appellee asks us to adopt a "reasonable cause" test to permit the detention of criminal suspects for the limited purpose of obtaining physical identification evidence in the absence of probable cause in the traditional sense we refuse to so do absent legislation or rule of the Michigan Supreme Court. *People v Marshall,* 69 Mich App 288; 244 NW2d 451 (1976). It is therefore unnecessary for us to decide whether such "reasonable cause" exists in the instant case with the erroneous statement deleted.

Reversed.