PEOPLE v POINDEXTER

Docket No. 77-3045. Submitted February 22, 1979, at Detroit.—Decided June 6, 1979. Leave to appeal applied for.

Rudolph Poindexter was charged with unlawful possession of heroin and was arraigned and bound over for trial. The defendant moved to suppress evidence obtained in a search of his house, claiming that the warrant for the search was invalid on its face. The motion was denied. Later, the defendant made an oral motion to require the prosecution to produce the informant relied upon by a police officer in the affidavit in support of the warrant to search the defendant's house. The Recorder's Court of Detroit, Samuel H. Olsen, J., ordered the prosecution to produce the informant for an *in camera* examination from which the defendant and defense counsel would be excluded. The prosecution refused to produce the informant and Judge Olsen dismissed the case without prejudice. The prosecution appeals. *Held:*

The trial judge had the discretion to order the production of the informant and the prosecution should have either complied with the order or sought immediate appellate review. However, under the circumstances of this case, dismissal of the charges against the defendant was too severe a penalty. The trial court's order of dismissal is reversed but the defendant is to be permitted to renew his attack on the veracity of the search warrant affidavit pursuant to the appropriate procedures for such a challenge.

Reversed and remanded for further proceedings.

1. Searches and Seizures — Search Warrants — Affidavits — Validity of Affidavit — Hearings.

There is a presumption of validity with respect to an affidavit

References for Points in Headnotes

[1, 4, 5] 68 Am Jur 2d, Searches and Seizures §§ 64, 66, 66.5 (supp.)
Search warrants: disputing matters stated in supporting affidavit. 5 ALR2d 394.
[2–5] 21 Am Jur 2d, Criminal Law § 332.
68 Am Jur 2d, Searches and Seizures § 65.
Accused's right to, and prosecution's privilege against, disclosure of identity of informer. 76 ALR2d 262.

supporting a search warrant; to mandate a hearing on the validity of the affidavit, the following is required: 1) a challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine, 2) there must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof, 3) the allegations should point out specifically the portion of the warrant affidavit that is claimed to be false, and they should be accompanied by a statement of supporting reasons, 4) affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained, allegations of negligence or innocent mistake are insufficient, 5) the deliberate falsity or reckless disregard whose impeachment is permitted is only that of the affiant, not of any nongovernmental informant, and 6) if the preceding requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, the remaining content of the affidavit is insufficient to support a finding of probable cause, the defendant is entitled to a hearing, however, if there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — INFORMANTS — IDENTITY OF INFORMANT — DISCLOSURE OF IDENTITY OF INFORMANT.

Disclosure of the identity of an informant on whose information an affiant for a search warrant relies is required where that disclosure is essential to a fair determination of a cause.

3. SEARCHES AND SEIZURES — SEARCH WARRANTS — INFORMANTS — PRODUCTION OF INFORMANT — DISCRETION.

A trial judge has the discretion to require the production of an informant who allegedly supplied police with information which led to the issuance of a search warrant where a defendant claims that the informant does not exist.

4. SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS — INFORMANTS — DISPUTED EXISTENCE OF INFORMANT.

The procedure to be followed in resolving a defendant's claim of the nonexistence of an informant who allegedly supplied information to an affiant who presented a sworn affidavit for a search warrant, based on information from the informant, is the same procedure as that used in determining the validity of the affidavit in support of a search warrant.

5. SEARCHES AND SEIZURES — SEARCH WARRANTS — INFORMANTS —
     PRODUCTION OF INFORMANTS — CLOSED HEARING — PROTECTIVE
     MEASURES.

>   Once a trial judge decides to order the production of an infor-
>   mant who furnished information on the basis of which an
>   affidavit for the issuance of a search warrant was made, he
>   should conduct a closed hearing to protect the informant's
>   identity; the trial judge is also free to take any other protective
>   measures deemed necessary.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal
Attorney, Appeals, and *Victor M. Norris,* Assistant
Prosecuting Attorney, for the people.

*Benjamin Roth (Alvin C. Sallen,* of counsel), for
defendant.

Before: ALLEN, P.J., and R. B. BURNS and N. J.
KAUFMAN, JJ.

N. J. KAUFMAN, J. Defendant was charged with
unlawful possession of narcotics, to wit: heroin,
MCL 335.341(4)(a); MSA 18.1070(41)(4)(a), ar-
raigned and bound over for trial. The case was
dismissed without prejudice on June 1, 1977, when
the plaintiff refused to produce a confidential in-
formant for an *in camera* examination. Plaintiff
appeals by right.

On March 24, 1976, Officer James Wood of the
Detroit Police Department presented a sworn affi-
davit to Recorder's Court Judge John Patrick
O'Brien in support of a warrant to search defen-
dant's house. The affidavit relied heavily on infor-
mation received from an allegedly reliable infor-
mant. A warrant was issued on the basis of the
affidavit. Pursuant to the warrant, police searched

defendant's house and found guns, money, narcotics paraphernalia and heroin.

Prior to the date set for trial, defendant moved to suppress the evidence, claiming the search warrant was invalid on its face. Defendant's motion was denied. On May 6, 1977, defendant made an oral motion to require plaintiff to produce the informant relied upon by Officer Wood in his affidavit requesting a search warrant. Defendant claimed that no informant existed and that the informant was a figment of Officer Wood's imagination. Trial Judge Samuel H. Olsen ordered the plaintiff to produce the informant at an *in camera* examination from which the defendant and defense counsel would be excluded. At one point he stated:

"THE COURT: They [defendant and defense counsel] claim perjury and these cases [primarily, *People v Stander,* 73 Mich App 617; 251 NW2d 258 (1976)] clearly indicate where there's a contention of perjury, they are entitled to an in camera hearing. That's very clear from the case. I don't agree with the cases but I am constrained to follow the law and I think your office should perfect an immediate appeal to the Michigan Supreme Court."[1]

When plaintiff refused to produce the informant,

---

[1] The trial judge apparently thought he had no discretion in this matter. He was mistaken. Even assuming *Stander* directly applied to this case (it does not, see our discussion, *infra),* there is no strict rule with respect to disclosure. Before ordering production of the informant under *Stander,* the judge should have balanced " 'the public interest in protecting the flow of information against the individual's right to prepare his defense * * * taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors' ". *Stander, supra,* 622, quoting from *Roviaro v United States,* 353 US 53, 62; 77 S Ct 623; 1 L Ed 2d 639 (1957).

This error alone would require reversal. See *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974). However, we base our decision on slightly different grounds.

Judge Olsen dismissed the case without prejudice. Plaintiff now appeals.

The questions here are: Can a defendant in a criminal proceeding, subsequent to the issuance of a search warrant, challenge the veracity of factual statements made in the affidavit supporting the warrant? If so, under what circumstances, if any, must an informant (on whose representations rests the underlying validity of the warrant) be produced when the defendant claims that no informant exists?

Historically, courts did not permit defendants to challenge the veracity of allegations in the search warrant affidavit by proof aliunde. During prohibition, the Michigan Supreme Court followed the rule that defendants could not challenge the truth of the facts alleged in the affidavit in support of the search warrant that did not go to the jurisdiction of the issuing magistrate. See discussion and cases cited in *People v Staffney,* 70 Mich App 737, 739-740; 246 NW2d 364 (1976). In the last 10 years, however, the issue has received increased attention. See *e.g.,* Kipperman, *Inaccurate Search Warrant Affidavits as a Ground for Suppressing Evidence,* 84 Harv L Rev 825 (1971).

In *People v Broilo,* 58 Mich App 547, 551-552; 228 NW2d 456 (1975), this Court relied on *United States v Morris,* 477 F2d 657 (CA 5, 1973), and ruled that a search warrant affidavit could be challenged where testimony inadvertently revealed that the affidavit contained inaccurate statements material to a finding of probable cause. But if there was enough substance remaining to support a finding of probable cause after striking the inaccurate statements, the warrant was still valid. Accord, *People v Price,* 86 Mich App 641, 644-645; 273 NW2d 97 (1978), *Staffney, supra,* 740-

742, and see *1* George, Michigan Criminal Procedure, § 2.00(D).

Most recently, the United States Supreme Court addressed and resolved this issue in *Franks v Delaware,* 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978). In *Franks,* defendant was charged with rape and related crimes in Delaware. Prior to trial he sought to suppress various items of evidence obtained by the police pursuant to a search warrant. Defendant originally claimed that the warrant on its face did not show probable cause. But, at the hearing on the motion, defendant also attacked the veracity of the warrant affidavit and requested that he be permitted to call certain witnesses to establish the alleged untruthful matters. The motions were denied, the defendant was convicted, and the Supreme Court of Delaware affirmed, holding that a defendant under no circumstances could challenge, subsequent to the ex parte issuance of a search warrant, the veracity of a sworn statement used by police to procure the warrant.

The United States Supreme Court reversed and remanded, holding as follows, 438 US at 171-172:

"In sum, and to repeat with some embellishment what we stated at the beginning of this opinion: There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses

should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue." (Footnote omitted.)

In light of *Franks,* then, the defendant could have challenged Officer Wood's statement in the search warrant affidavit that an informant existed by following the procedure outlined by the United States Supreme Court. However, since defendant's attempt to impeach the affidavit was not accompanied by an offer of proof and defendant did not reasonably explain the absence of supporting reliable statements of witnesses, defendant's claim was a mere assertion. Accordingly, the defendant did not meet *Franks'* threshold requirement for an evidentiary hearing, and, at that point, he certainly was not entitled to production of the informant.

But the instant case was handled by the trial court before *Franks* and it is not surprising that the procedure outlined in *Franks* was not applied here. Even under *Broilo,* however, the trial court should have rejected defendant's attempt to impeach the affidavit. This was not a situation were testimony inadvertently revealed that the affidavit contained inaccurate statements material to a finding of probable cause. Consequently, the trial

court's order directing the prosecutor to produce the informant was error even under *Broilo.*

We now come to the question of under what circumstances, if any, must an informant (on whose representations rests the underlying validity of the warrant) be produced when the defendant claims that no informant exists? This issue has not been addressed by Michigan Courts and the United States Supreme Court in *Franks* specifically avoided "the difficult question whether a reviewing court must ever require the revelation of the identity of an informant once a substantial preliminary showing of falsity has been made". 438 US at 170.

The primary case relied on by the trial judge, *People v Stander,* 73 Mich App 617; 251 NW2d 258 (1976), involved a claim by the defendant at trial that the informant who tipped off the police to defendant's alleged intent to steal a car should be produced. The trial judge denied the request and defendant appealed. He argued that the informant should have been produced because the informant was a res gestae witness and secondly, because the requirement of "fundamental fairness" as set forth in *Roviaro v United States,* 353 US 53; 77 S Ct 623; 1 L Ed 2d 639 (1957), required production.

The *Roviaro* decision involved a government informer who played a key role in a heroin transfer scheme and who was instrumental in setting up the transaction. The Supreme Court there found that the informant was a "material witness" who might have been able to offer testimony favorable to the defendant in the areas of guilty knowledge or a possible entrapment defense. Defendant's "vital need for access to any material witness" outweighed the government interest in concealing the informant's identity and, under those particu-

lar facts, principles of fundamental fairness required disclosure. *Roviaro, supra,* 353 US at 63.

This Court addressed the *Roviaro* part of defendant's contention as follows, 73 Mich App at 621-623:

"The purpose for the 'informant's privilege', as it is sometimes called, is to encourage citizens to communicate information regarding criminal activity to law enforcement agencies by preserving their anonymity. However, the court in *Roviaro* did recognize a limitation on the applicability of the privilege arising from the 'fundamental requirements of fairness'. We adopt the following edited passage from Justice Burton's majority opinion:

" 'Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

\* \* \*

" 'We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.' *Roviaro v United States,* 353 US at 60-62; 77 S Ct at 628-629; 1 L Ed 2d at 645-646 (fn omitted).

"The procedural vehicle generally recognized as being the most useful for helping a trial judge to strike the appropriate balance between these competing interests is the *in camera* hearing. \* \* \*

"Thus where the government invokes the privilege in the face of a defense request for disclosure, and where the accused is able to demonstrate a possible need for the informant's testimony, the trial judge should require production of the informant and conduct a hear-

ing in chambers, and out of the presence of the defendant. At this hearing the court will have an opportunity to examine the informant in order to determine whether he could offer any testimony helpful to the defense. A record should be made of the *in camera* session and its contents sealed so that only an appellate court will have access thereto.

"Other appropriate measures may be taken by the trial court so that the identity of the informant will remain undisclosed in the event the court determines that fundamental fairness does not require that the informant be produced as a witness at trial." (Citations omitted.)

*Stander* was remanded to the trial court with directions to conduct a hearing consistent with the opinion.

It is apparent that *Roviaro* and *Stander* do not fit the facts of the present case and do not directly address the issue under consideration here. However, they do require disclosure of an informant's identity where disclosure is "essential to a fair determination of a cause". In the instant case, a fair determination of the cause includes consideration of the validity of the search warrant. And if the defendant's allegations regarding the lack of an informant are true, they strike at the very heart of the affidavit relied on in this case and bring into question the validity of the warrant. Consequently, we conclude that a trial judge may exercise his discretion to require production of an informant who allegedly supplied police with information which led to the issuance of a search warrant where a defendant claims that the informant does not exist.[2]

_____

[2] Previously, some Michigan cases have indicated that an informant need be produced *only* when he is a material witness on the question of guilt or innocence. *People v Phelps,* 57 Mich App 300, 305; 225 NW2d 738 (1975), *People v Wenrich,* 31 Mich App 644, 648; 188 NW2d 102 (1971). That blanket rule is suspect, however, in light of

The procedure to be followed in resolving claims such as that in the instant case must parallel the procedure outlined in *Franks, supra*.[3] To begin with, there is a presumption of validity with respect to the affidavit supporting the search warrant and this presumption applies throughout the procedure.

To mandate an evidentiary hearing, defendant's attack must be more than conclusory, if possible, and must be supported by more than a mere desire to determine who the informant was. There must be specific allegations of deliberate falsehood or of reckless disregard for the truth. Those allegations must be accompanied by an offer of proof and should be accompanied by a statement of supporting reasons. Also, the defendant should furnish reliable statements of witnesses to support his claim, or satisfactorily explain their absence. If these requirements are met to the trial court's satisfaction and the statements challenged by the defendant are set aside but sufficient content still remains in the affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient to support a finding of probable cause, the defendant is entitled to an evidentiary hearing.[4]

*Roviaro, supra, Stander, supra,* and *McCray v Illinois,* 386 US 300; 87 S Ct 1056; 18 L Ed 2d 62 (1967), which expressly noted the possibility that production might be required by the United States Constitution in some cases, *e.g.,* where the trial judge suspects that the police officers may be committing perjury. See *People v Kinnebrew,* 75 Mich App 81, 86-87; 254 NW2d 662 (1977).

We also note that the holding of the instant case does not impinge on the rule drawn from *Kinnebrew, supra,* and *People v Davis,* 72 Mich App 21; 248 NW2d 690 (1976), and enunciated in *People v Johnson,* 83 Mich App 1, 11; 268 NW2d 259 (1978), which states that an informant need not be produced where defendant's sole reason for requesting production is to challenge the truth of the information supplied to the police and used to obtain the search warrant.

[3] The *Franks* procedure was anticipated in part in *People v Johnson,* 83 Mich App 1, 11, fn 7; 268 NW2d 259 (1978).

[4] We realize that the threshold requirements for an evidentiary

At the hearing, the trial judge should question the officer involved and consider any other relevant evidence offered by the prosecutor or the defendant. If the judge is convinced that the officer is being truthful regarding the existence of the informant, he should deny defendant's request for production. However, if the judge determines that there is some doubt as to the officer's credibility, he may require production of the informant.

Once a trial judge decides to order production of an informant, he should conduct a closed hearing to protect the informant's identity. The trial judge is also free to take *any other protective measures* deemed necessary. See *Stander, supra,* 622-623.

If the prosecutor believes the trial judge abused his discretion in ordering production of the informant, the prosecutor should seek immediate appellate review of the court order. See *People v Davis,* 72 Mich App 21, 27; 248 NW2d 690 (1976).

We repeat that it is not mandatory to produce the informant whenever a defendant makes a bald statement that no informant exists. Such a statement is a challenge to the veracity of the search warrant affidavit and those challenges must be evaluated in light of *Franks, supra.* We know that requiring the production of such informants based on mere allegation would devastate much of the effectiveness of the informant as a law enforcement tool, but we believe that the procedure outlined here protects the interests of society as well as the rights of its criminal defendants.

---

hearing may be difficult to reach in cases such as the present. Proving a negative (here, that no informant existed) is virtually impossible. However, we have phrased our requirements to allow trial judges wide discretion in determining whether or not to grant an evidentiary hearing. Thus, if a trial judge recognizes his or her discretion, considers the tests outlined above, and is convinced that a defendant has raised a legitimate question regarding the existence of an informant, the judge is free to order an evidentiary hearing.

We recognize that Judge Olsen's order should have been followed or the prosecutor should have sought immediate appellate review. However, under the circumstances of this case, dismissal was too severe a penalty. We also recognize that the defendant may have some proof that the officer was wrong regarding the existence of an informant. In fairness to both parties, therefore, we reverse the trial court's dismissal but permit the defendant to renew his attack on the veracity of the search warrant affidavit. The trial judge will address the claim and exercise his discretion in accordance with *Franks, supra,* and this opinion.[5]

Reversed and remanded for proceedings consistent with this opinion.

[5] At oral argument, the assistant prosecutor, as an officer of the court, stated that there was an informant and offered to give the appellate Court his name. On the other hand, the trial attorney was also an officer of the court and he stated that there was no informant. We feel this matter is best handled by the trial judge, who understands the circumstances of the case and is better equipped to make the necessary determinations of credibility.