PEOPLE v PRICE (ON REMAND)

Docket No. 44153. Submitted June 12, 1978, at Grand Rapids.—Decided November 6, 1978. On remand, decided July 10, 1979.

Albert Price, Jr., was convicted of breaking and entering with intent to commit larceny, Saginaw Circuit Court, Joseph R. McDonald, J. He appealed, alleging that a court order to submit fingerprints was issued without probable cause because of an admitted mistake by a police officer in a supporting affidavit. The Court of Appeals reversed the conviction, 86 Mich App 641 (1978). The people applied for leave to appeal to the Supreme Court, which in lieu of granting leave remanded to the Court of Appeals for reconsideration in light of a recent United States Supreme Court decision, 406 Mich 881 (1979). On remand, held:

There were no allegations of deliberate falsehood or reckless disregard for the truth in the statements made in the affidavit. Proof of an innocent mistake in an affidavit is not sufficient to justify the deletion of the statements involved from the affidavit when reviewing it for the existence of probable cause. Based upon the affidavit as presented to the magistrate the decision that probable cause existed to order the defendant to submit his fingerprints was not an abuse of discretion.

The previous decision of the Court of Appeals is vacated, and defendant's conviction and sentence are affirmed.

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — PRESUMPTION OF VALIDITY.

An affidavit in support of a search warrant is entitled to a presumption of validity; in order to contest that presumption there must be allegations of deliberate falsehood or reckless disregard for the truth, accompanied by an offer of proof.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 68 Am Jur 2d, Searches and Seizures §§ 64-70.

Search warrants: disputing matters stated in supporting affidavit. 5 ALR2d 394.

Federal court determination of probable cause for search warrant: consideration of oral testimony which was, in addition to affidavit, before officer who issued warrant. 24 ALR Fed 107.

[3] 68 Am Jur 2d, Searches and Seizures §§ 62, 66, 68.

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS IN
     SUPPORT OF WARRANT — MISTAKES — PROBABLE CAUSE.

   Clear proof of negligent or innocent mistakes in an affidavit
   supporting a search warrant is not sufficient to justify the
   deletion of the statements involved from the affidavit when
   reviewing for the existence of probable cause to issue the
   warrant.

3. APPEAL AND ERROR — SEARCHES AND SEIZURES — SEARCH WAR-
     RANTS — PROBABLE CAUSE — ABUSE OF DISCRETION.

   The Court of Appeals may not substitute its judgment for that of
   a magistrate who issued a search warrant unless there has
   been a clear abuse of discretion in the magistrate's determina-
   tion of probable cause.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert L. Kaczma-
rek,* Prosecuting Attorney, and *Peter C. Jensen*
and *Linda Berns Wright,* Assistant Prosecuting
Attorneys, for the people.

*Kim R. Fawcett,* Assistant State Appellate De-
fender, for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and T. M.
BURNS and W. VAN VALKENBURG,* JJ.

ON REMAND

D. E. HOLBROOK, JR., P.J. Defendant was con-
victed by a jury of breaking and entering with
intent to commit larceny contrary to MCL 750.110;
MSA 28.305. The case was subsequently appealed
to this Court, *People v Price,* 86 Mich App 641;
273 NW2d 97 (1978), and we reversed his convic-
tion. The people applied for leave to appeal to the
Michigan Supreme Court and that Court, in lieu of
granting leave to appeal, by its order of March 9,

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

1979, 406 Mich 881 (1979), remanded the case to the Court of Appeals for reconsideration in light of *Franks v Delaware,* 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978).

The basis of our decision in *Price, supra,* was that the order to submit the fingerprints was issued without probable cause, and that the fingerprints taken pursuant to the order and their fruits must be suppressed as violative of US Const, Am IV, and Const 1963, art 1, § 11. The order to submit fingerprints was issued based upon an affidavit which contained the following statement:

"That Juanita Clark stated that Albert Price, Jr. attempted to give her *the .25 Caliber gun* on August 22, 1975 at Claude's Bar in Saginaw, Michigan and that she did not take it." (Emphasis supplied.)

During the course of a hearing on defendant's pretrial motion to suppress, the affiant acknowledged that this statement was in error. Rather than "the .25 caliber gun" the statement should have read "a gun". Relying on *People v Broilo,* 58 Mich App 547; 228 NW2d 456 (1975), and *People v Staffney,* 70 Mich App 737; 246 NW2d 364 (1976), the erroneous statement was deleted from the affidavit and our finding that there was no probable cause to issue the order to submit fingerprints was based upon review of the affidavit absent the erroneous statement.

The United States Supreme Court's decision in *Franks v Delaware, supra,* held that in order to contest the presumption of validity that an affidavit supporting a search warrant is entitled to, there must be allegations of deliberate falsehood or reckless disregard for the truth, and that these allegations must be accompanied by an offer of

proof. Such a preliminary showing would entitle the defendant to a hearing at which, if he can establish by a preponderance of the evidence that the allegations contained were perjurious or made in reckless disregard for the truth, he would be entitled to have the determination of probable cause reviewed with the affidavit's false material set to one side.

In this instance no allegations of perjury or reckless disregard for the truth were made, but rather defendant based his claim on the fact that the statements were admittedly erroneous. The record reflects the affiant testified in open court that he had unintentionally misrepresented Juanita Clark's statement to him regarding the gun in question. Rather than "the .25 caliber gun" his statement should have read "a gun". This misstatement on the affiant's part was not a deliberate falsehood or statement made in reckless disregard for the truth, but rather an innocent mistake on his part. *Franks v Delaware, supra,* 438 US at 171, held that clear proof of negligent or innocent mistakes in affidavits is not a sufficient showing to justify the deletion of the statements involved from the affidavits when reviewing for the existence of probable cause. In this instance, we are convinced that our prior decision to delete affiant's misstatement from the affidavit should no longer be sustained, and our review of the magistrate's decision to order the submission of fingerprints should be based upon the affidavit as actually presented to him.

Having determined that the misstatement of facts should not have been deleted from the affidavit, we must now determine whether the affidavit justified the magistrate's determination that there was probable cause to require defendant to submit

his fingerprints. This Court may not substitute its judgment for that of the magistrate unless there has been a clear abuse of discretion in his determination of probable cause. See *People v Iaconis,* 29 Mich App 443, 462; 185 NW2d 609 (1971), *People v Thomas,* 86 Mich App 752, 759; 273 NW2d 548 (1978). The affidavit submitted in this instance indicates that three individuals had been shot and killed on August 21, 1975, at 1414 Mott, Saginaw, Michigan. Juanita Clark was arrested and charged with the murder of two other individuals and a search warrant was executed on August 23, 1975, at her apartment and a .25-caliber automatic handgun was taken. Examinations of bullets from this .25-caliber automatic weapon by the Michigan State Police crime lab indicated that this was the weapon that had been used to commit the three homicides on August 21, 1975. Juanita Clark stated to the affiant that Albert Price, Jr. attempted to give her the .25-caliber automatic handgun on August 22, 1975, at Claude's Bar in Saginaw and that she did not take it. We find that the trial court, based upon the affidavit submitted to it, did not abuse its discretion in finding that probable cause existed to order defendant to submit his fingerprints. Accordingly, our previous determination that there was no probable cause to require defendant to submit his fingerprints, and our reversal of his conviction based upon this lack of probable cause, is vacated, and defendant's conviction and sentence are affirmed.

W. Van Valkenburg, J., did not participate.