IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 110-03






RODNEY SWEARINGEN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


TOM GREEN COUNTY





 Cochran, J., filed a dissenting opinion, in which Meyers, Price, and
Johnson, JJ., joined.


O P I N I O N 



 I respectfully dissent. We granted appellant's first ground for review which, in his
words, read:

 Whether the court of appeals applied an improper standard of review of a
warrant which resulted in an erroneous conclusion that the warrant affidavit set
forth facts sufficient to establish probable cause.


That single issue was then recast, on this Court's public list of granted PDRs, into two separate
issues:



 Is great deference the proper standard of review of a magistrate's finding of
probable cause to issue a warrant?


 


 Did the recitation in the search warrant affidavit that "a quantity of
methamphetamine" has been seen on the premises within the past 52 hours
provide probable cause to believe that methamphetamine would be on the
premises when the search warrant issued?



I agree with the majority's conclusion that reviewing courts should grant great deference to the
magistrate's finding of probable cause in a search warrant affidavit. I respectfully disagree that,
even granting great deference to the magistrate, this affidavit set forth sufficient facts to
support a finding of probable cause.

 Whether the facts in a search warrant affidavit are sufficient to establish probable cause
to believe that the item sought will be found in the place to be searched is determined by
examining the totality of the circumstances. (1) The facts are sufficient if they would "justify a
conclusion that the object of the search is probably on the premises." (2) The magistrate is also
permitted to draw reasonable inferences from the facts and circumstances set out in the
affidavit, (3) but those reasonable inferences must support the common-sense conclusion that the
item sought is probably still located at a certain place. 

 There is one fact and one fact only to support probable cause set out in this affidavit:
The confidential informant was inside appellant's house within the previous 52 hours and he
saw appellant in possession of "a quantity" of methamphetamine. No one knows how much. 
No one knows the circumstances. No one knows whether any remains. Did the informant sell
appellant a baggie of methamphetamine? Did appellant sell the informant a baggie of
methamphetamine? Did the two of them consume all of the methamphetamine? Is appellant
in the business of selling methamphetamine? Did appellant offer to sell or give the informant
any methamphetamine in the future? Is appellant known to the informant as a seller or user of
methamphetamine? Were there methamphetamine manufacturing equipment or materials at
the house? A reasonable person needs sufficient facts before inferring probable cause. 

 The issue here is whether the mere possession of some unknown quantity of a
consumable controlled substance in a home on one day establishes probable cause to believe
that some quantity of that same controlled substance will still be located at that home more
than two days later. By analogy, does the statement "X possessed a quantity of barbecued ribs
at his home on Tuesday," give rise to probable cause that X possesses barbecued ribs (either
those same ribs or some others) on Friday? Standing alone, I do not believe that it does. 
Consumables tend to be consumed, so the reasonable person needs some additional facts-such
as the fact that X is in the business of selling barbecued ribs, or X frequently possesses
barbecued ribs, X promised to have more barbecued ribs on Friday, X has a well-used barbecue
grill with several bags of charcoal and bottles of sauce nearby, X was seen at the grocery store
buying a pack of ribs on Thursday, or serving ribs at his house party Thursday night-before
concluding that possession of barbecued ribs on one day makes it probable or likely that he
possesses that same item on another day.

 Probable cause to believe that an item is located at a certain place evaporates over time. 
The evaporation of "probable cause" is determined not by law or standards of review, but rather
by reason and common sense. As Judge Moylan has phrased it:

 The likelihood that the evidence sought is still in place is a function not simply
of watch and calendar but of variables that do not punch a clock: the character
of the crime (chance encounter in the night or regenerating conspiracy?), of the
criminal (nomadic or entrenched?), of the thing to be seized (perishable and
easily transferable or of enduring utility to its holder?), of the place to be
searched (mere criminal forum of convenience or secure operational base?),
etc. The observation of a half-smoked marijuana cigarette in an ashtray at a
cocktail party may well be stale the day after the cleaning lady has been in; the
observation of the burial of a corpse in a cellar may well not be stale three
decades later. The hare and the tortoise do not disappear at the same rate of
speed. (4)


There is nothing in this affidavit to suggest that the unknown "quantity" of methamphetamine
that appellant possessed in his home on one day did not disappear with the speed of a hare 
rather than the lumbering of the tortoise. 

 As Professor LaFave notes, staleness of information in a search warrant affidavit
depends on the particular circumstances of the case: "'a highly incriminating or consumable
item of personal property is less likely to remain in one place as long as an item which is not
consumable or which is innocuous in itself or not particularly incriminating.'" (5) A small
quantity of lip-smacking barbecued ribs or illicit methamphetamine may be quickly consumed
within a very short period of time. A wholesale or retail seller (or neighborhood provider) of
either barbecued ribs or methamphetamine is likely to remain in business for a much longer
period of time. An ongoing enterprise tends to continue over time, but a single possession of
a consumable contraband may be over with a gulp or snort and never reoccur.

 When the only fact spelled out in the affidavit is that a person possessed "a quantity"
of a controlled substance in his home, that one unadorned fact is insufficient to support a
finding that he probably (or likely) possessed that controlled substance two days later. (6) I
therefore respectfully dissent.


Cochran, J.

Filed: June 23, 2004

Publish
1. Illinois v. Gates, 462 U.S. 213, 228-29 (1983); Ramos v. State, 934 S.W.2d 358, 362-63
(Tex. Crim. App. 1996).
2. Cassias v. State, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986).
3. Id. at 587-88; see Gish v. State, 606 S.W.2d 883, 886 (Tex. Crim. App. 1980).
4. Andresen v. State, 331 A.2d 78, 106 (Md. App. 1975).
5. 2 Wayne LaFave, Search and Seizure § 3.7(a), at 348 (3d ed. 1996) (quoting United
States v. Steeves, 525 F.2d 33, 38 (8th Cir. 1975)).
6. See State v. Boneventure, 374 So.2d 1238, 1239 (La. 1979) (insufficient facts to support
finding of probable cause in search warrant when confidential informant observed "a quantity" of
marijuana offered for consumption in defendant's home two days earlier; noting that "[a] 'quantity' of
marijuana is an indefinite amount" and when the quantity was "offered for consumption," it "could be
consumed by the person or persons to whom it was offered," thus "there was not probable cause to
believe that the same consumable amount of marijuana which was offered to a person or persons for
consumption approximately two days before remained at the place to be searched"); State v.
Kittredge, 585 P.2d 423, 424 (Or. App. 1978) (insufficient facts to support finding of probable cause
when only facts in affidavit were that confidential informant was in defendant's residence within past 96
hours and saw some unknown quantity of marijuana); State v. Scheer, 620 P.2d 973, 974-75 (Or.
App. 1980) (facts that informant had been inside house within past 48 hours and seen "a quantity of
green vegetable material" was insufficient to support probable cause finding that marijuana would still be
located at house at time search warrant issued; stating that "[w]e do not mean to suggest that it is
necessary for the informant to describe the particular quantity involved. We do suggest, however, that
something must be said, in addition to the description, 'a quantity,' to suggest that either the amount in
question is sufficiently large so that it will not be immediately consumed, or that the parties present are
not likely to consume it, or that the item sought is not consumable, or the like. Here, there are no such
indications"); State v. Lovato, 118 N.M. 155, 157-58, 879 P.2d 787, 789-90 (1994) (affidavit
setting out confidential informer's statement that he made a "controlled buy" of heroin in defendant's
motel room insufficient to establish probable cause to believe defendant would possess heroin 72 hours
later because there were no facts in the affidavit that would "support a conclusion that criminal activity
at the motel room was of an ongoing, continuous nature"); People v. Broilo, 58 Mich. App. 547, 550,
228 N.W.2d 456, 458 (1975) (following rule that "where there has been a substantial delay between
observation of criminal activity and issuance of a search warrant based thereon ... no warrant may issue
except upon a showing of intervening facts that give reasonable cause to believe that the criminal activity
is continuing and presently occurring"); Shivers v. State, 258 Ga. App. 253, 257, 573 S.W.2d 494,
498 (2002) (setting out test for staleness as viewing "'the totality of the circumstances for indications of
the existence of reasonable probability that conditions referred to in the sworn testimony would
continue to exist at the time of the issuance of the search warrant'"; concluding that "there was nothing
in the record to indicate that the marijuana, a consumable drug, would be found at [defendant's] house
two days later when the warrant was issued"); State v. Josephson, 123 Idaho 790, 794-95, 852 P.2d
1387, 1389-90 (1993) (information in affidavit insufficient to establish probable cause because affidavit
did not recount "criminal activities of a protracted or continuous nature"; time delay between officer's
finding marijuana cigarette butts, rolling papers, bag with marijuana residue, and five plant stems in trash
and obtaining warrant did not establish probable cause as these items "were only suggestive of the fact
that someone had smoked marijuana at [defendant's] residence ... [they] did not corroborate an
inference that there was continuing criminal activity"); compare Ilo v. State, 350 Ark. 138, 148-150,
85 S.W.3d 542, 548-50 (2002) (quoting Andresen and noting that "[t]he crimes of selling narcotics
and illegal liquor have been recognized as types of ongoing criminal activity that is considered
protracted or continuous, thus establishing a course of conduct"; holding that officers were entitled to
"no knock" warrant when affidavit set out course of selling marijuana and fact that during two of these
sales defendant was seen with a firearm) (emphasis added).